## Addison C. James, Appellant, v. Franklin Life Insurance Company, Appellee.

1. INSURANCE—*when loan certificate and policy constitute one contract.* Where a twenty payment insurance policy is issued in 1899, on which the payment period expires in 1909 as if it had been issued in 1889, and a loan certificate is executed by the insured and accepted by the company to make up for the first ten payments which are not made, the policy and the loan certificate constitute one contract when both are executed and delivered at the same time.

2. INSURANCE—*when company entitled to set off the amount of a loan certificate in an action for the surrender value of a policy.* Where the insured under a twenty payment policy exercises his option to surrender the policy for the guarantied value and profits at the expiration of the payment period and brings action for such sum, the company is entitled to set off the amount of a loan certificate given to the company by the insured and interest thereon, which is a part of the contract of insurance, where the certificate provides that the loan and interest to the end of the distribution

period shall be a lien on the policy until paid, and where certain correspondence introduced shows that the lien of the loan certificate with interest is to be deducted from the face value of the policy with its accumulated profits.

Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 18, 1913.

**Statement by the Court.** The Franklin Life Association, a corporation organized for the purpose of doing a life insurance business on the assessment plan, in November, 1886, issued a certificate of membership to Franklin C. James, which entitled his beneficiary to $1,000 at his death, if he remained in good standing and the assessments of one dollar each against the assured should be kept paid. In 1899, the association changed its organization from an assessment company to a life insurance company under the statute, and changed its name to the Franklin Life Insurance Company, and was authorized to issue policies for the payment of a fixed amount and to charge and collect fixed premiums. On October 16th, 1899, the Franklin Life Insurance Company issued its policy No. 26,071 on the life of James for $1,000, upon the twenty annual payment life plan, with guarantied additions shown on the face of the policy, the additions for the first ten years being $275.43 and increasing annually about $15 per year until the twentieth year when the total increase is $428.33. The policy is called a forty per cent return premium policy. At the date of the issuing of the policy October 16th, 1899, James was 46 years of age, but the policy was issued in 1899, as of October 16, 1889, and shows James to be 36 years of age and that the premium paying period on the twenty payment policy issued expired in 1909. The policy on its face shows that it was issued in consideration of the payments to be made and the surrender and cancellation of the assessment certificate.

The policy grants to the insured certain rights to loans and several options at the expiration of the

premium paying period with the distribution of profits "subject to any existing indebtedness," the first option being "(1) Draw guaranteed cash value of five hundred and fifty one Dollars together with the profits apportioned hereto." At the time the policy was issued in 1899, the insured gave to the company a certificate of loan signed by him in the following words: "This certifies that the Franklin Life Insurance Co. of Springfield, Illinois, has loaned on policy No. 26,071 the sum of Two Hundred Seventy-five and 43-100 Dollars, which, with any additional loan, shall be a lien on said policy until paid; interest at the rate of six per cent per annum to be added thereto until the end of the distribution period of said policy at which time the profits accruing to it shall be used toward the payment of said loan, and any excess paid in cash or used as set forth in the policy, at the option of the insured. Should the profits not fully pay the loan, the amount remaining unpaid at that time may be continued as a loan, interest as aforesaid and the dividends accruing on the policy, to be thereafter payable annually. In event of my death or failure to make any payment when due to said Company before said loan is fully paid, the amount remaining unpaid shall become due and be deducted from the amount payable under said policy.

Dated at Springfield, Ill., Oct. 16, 1899.

A. C. JAMES,

Witness: JOHN S. WHITE.        The Insured."

When the premium paying period expired in 1909, the insured accepted the first option and tendered the surrender of the policy and demanded the guarantied surrender cash value of $551.00 together with the profit apportioned to said policy. The statement of the insured shows that the profits apportioned to the policy were $89.62. The insurer claimed against the guarantied surrender value and profits amounting to $640.62 a set off of the certificate of loan and interest amounting to $440.69. The case was tried before the court

without a jury. No propositions of law were presented by either side. The court allowed the set off and rendered judgment for the plaintiff for $227.67. The plaintiff appeals and contends that the judgment should have been for $640.69 and legal interest from December 9, 1909, when he exercised his option to receive the surrender value of the policy.

Smith & Friedmeyer, for appellant.

McAnulty & Allen, Logan Hay and James C. Jones, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

The policy issued by the appellee and the loan certificate executed by the appellant were executed and delivered at the same time and constitute one contract. The policy while a twenty payment policy makes the payment period expire in 1909, the same as if it had been issued in 1889, in consideration of the surrender of the association certificate and to make up for the ten payments that had not been made the loan certificate was executed by appellant, so that his policy would be on an equality both as to payments and age, with policies on which the full twenty payments are required to be made. The loan certificate was made by the insured and accepted by the company, so that there would be no discrimination in its policies and that the assets of the company would show to the insurance department of the state that the insurance company was solvent. The company accepted the new policy on the terms that "the loans, surrender values, options, privileges, and conditions stated on the second and third pages hereof form a part of this contract." On the second page is stated: "DISTRIBUTION OF PROFITS. The accumulation period of this policy ends on the 16th day of October, 1909, when its share of profits will be apportioned, provided the insured is

then living and all premiums have been paid in full to that date, and this policy may then be continued or surrendered by the insured, or assigns (subject to any existing indebtedness) under one of the following OPTIONS. (1) Draw guaranteed cash value of Five hundred and fifty one Dollars ($551.00) together with the profits apportioned hereto; or,'' The certificate signed by the insured recites that the company ''has loaned on policy No. 26,071, the sum of two hundred seventy-five and 43-100 Dollars, which with any additional loan on said policy shall be a lien on said policy until paid; interest at the rate of six per cent. per annum to be added thereto until the end of the distribution period of said policy. * * * should the profits not fully pay the loan the amount remaining unpaid at the time may be continued as a loan, interest as aforesaid and the dividends accruing on the policy to be thereafter payable annually. In the event of my death or failure to make any payment when due to said Company before said loan is fully paid the amount remaining unpaid shall become due and be deducted from the amount payable under the said policy.'' The amount of the certificate of loan being a lien on the policy until paid, the amount due under the certificate must be paid from the sum to be paid on the policy whether the policy is taken up by the company either on its surrender under any of the options or because of the death of the insured. Appellant has offered in evidence certain correspondence between himself and appellee in 1901, with reference to the conditions of the policy and this loan certificate, and insists that the company misled him as to the effect of the loan certificate on the policy. The correspondence shows that the lien of this loan certificate with interest is to be deducted from the face value of the policy with its accumulated profits. Both the insured and the insurer are bound by the terms contained in the policy and the loan certificate contemporaneously executed and delivered. The evidence also shows that the state

through its insurance officials placed the same construction on the contract as did the trial court, and that it would not have permitted the company to have done business under the construction contended for by appellant. The court correctly held that the appellee was entitled to offset the loan certificate, and the judgment is affirmed.

*Affirmed.*