## Bertha Mayer, Plaintiff in Error, v. Illinois Life Insurance Company, Defendant in Error.

### Gen. No. 23,148.

1. EVIDENCE, § 345*—*when oral contemporaneous evidence is inadmissible to vary terms of contract.* In the absence of fraud or mistake a written contract is presumed to set out fully and completely the agreement of the parties with reference to the subject-matter thereof, and all prior negotiations are presumed to be merged in the contract and oral contemporaneous evidence is inadmissible to vary the terms thereof.

2. INSURANCE, § 120*—*how ambiguity in contract construed.* An ambiguity in an insurance contract is to be construed in favor of the beneficiary.

3. INSURANCE, § 621*—*when oral evidence is admissible.* Where a loan certificate was executed by the insured as part of a trans-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

action involving a change in his policy, oral evidence of such transaction is properly admitted since it does not tend to vary the terms of the contract of insurance but serves to identify the real contract entered into by the parties.

4. CONTRACTS, § 190*—*when different instruments should be construed together.* Where different instruments are executed between the same parties relating to the same subject-matter, all of the instruments should be construed together in determining the real intention of the parties, and this is true whether the instruments are executed at the same time or at different times.

5. EVIDENCE, § 350*—*when parol is admissible.* Parol evidence is admissible for the purpose of showing that different instruments do, in fact, relate to and are part of the same transaction, since such evidence tends merely to identify the real contract and not to vary or change its terms.

6. EVIDENCE, § 330*—*when parol is admissible.* Parol evidence is admissible to show that the actual consideration of a written contract is different from the consideration recited therein.

7. EVIDENCE, § 330*—*what is effect of recital of consideration in contract.* The recital in a written instrument of the consideration therefor is prima facie only, and it can be explained, varied and contradicted by parol proof, the only limitation being that the effect of such proof must not be to defeat the grant, transfer or contract so as to render the instrument itself void.

8. INSURANCE, § 621*—*when parol evidence is admissible to show actual consideration for policy.* Where, as part of the consideration for a change in a life insurance policy previously issued to the insured, the latter executed a loan certificate to the insurer, parol evidence of such facts is properly admitted as showing the actual consideration for the new policy.

9. INSURANCE—*when loan certificate operates as lien upon policy.* The fact that a loan certificate executed in favor of an insurance company by a policyholder in part consideration for a change in his policy was dated prior to the issuance and date of the new policy does not prevent the certificate from operating as a lien upon the policy, where both the execution of the certificate and the issuance of the new policy in fact constituted a single transaction.

10. INSURANCE—*what does not restrict power to loan money to policyholders.* Provisions in a policy of life insurance limiting loans to the reserve value of the policy and making it obligatory upon the insurer to make loans upon the policy to that extent do not operate to restrict the company from making loans at other times and in different amounts if it should choose to do so.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

11.  INSURANCE—*what does not restrict rate of interest on loans to policyholders.*  Provisions in a policy of life insurance fixing a certain rate of interest as a basis for calculating the net amount of the reserve under the policy do not restrict the rate of interest on loans made on the policy, by the insurer, to the rate so fixed.

12.  CORPORATIONS, § 334*—*who must prove defense of ultra vires.*  The defense of *ultra vires* must be proved by the party alleging it.

13.  INSURANCE—*what does not preclude offsetting of amount of loan certificate.*  An "incontestable" clause in a policy of life insurance does not preclude the insurance company from offsetting the amount of a loan certificate executed as part of the transaction upon the issuance of the policy, since such a claim concedes the validity of the policy and seeks merely to impose a lien upon the proceeds thereof.

14.  INSURANCE—*when lien against policy may be created by loan certificate.*  Where a policy of life insurance reserves to the insurer the right to change the beneficiary he may validly create a lien against it by the execution of a loan certificate.

15.  INSURANCE, § 503*—*what is nature of beneficiary's rights where right to change beneficiaries is reserved.*  Under a policy of life insurance reserving to the insured the right to change the beneficiary, the latter's right under the policy is a mere expectancy subject to revocation by the insured up to the time of his death.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1917.  Affirmed.  Opinion filed May 14, 1918.

LEO KORETZ and JOHN A. IRRMANN, for plaintiff in error.

HENRY W. PRICE and HUGH T. MARTIN, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff in error sued defendant in error in the Municipal Court of Chicago on a policy of insurance issued to her deceased husband, Henry Mayer, in which she was named as beneficiary.

The case was tried by the court without a jury and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

this writ of error is brought to review a judgment in favor of the defendant.

The controversy arose by reason of the claim on the part of the defendant of the right to retain from the proceeds of the policy the principal and interest amounting to $3,860.09, represented by a certificate of loan executed and delivered by Henry Mayer to the defendant at the time he made application for the policy sued on.

By stipulation of the parties and without prejudice to their respective rights, the amount conceded to be due upon the policy amounting to $6,475.97 was paid after suit brought.

Defendant in error is the successor of the Bankers & Merchants Life Insurance Company, an Illinois corporation, which did business on the assessment plan.

On October 3, 1894, said company issued a policy on the life of said Henry Mayer in which plaintiff was named as beneficiary. It was called a "stipulated premium policy" because periodical payments were made in lieu of mortuary assessments, although the holder under the terms of the policy could become liable for such assessments in case it became necessary to levy them. Upon this policy defendant became obligated as the successor to said Bankers & Merchants Life Insurance Company.

On June 2, 1902, Henry Mayer made application in writing to defendant for a new policy for $5,000 on the 20-year payment plan and in the application requested the new policy to be issued to him as of the age of 53 years (although he was in fact 61 years of age), the premium to be fully paid in 12 years, and in consideration of this new policy he agreed to surrender all right, title and interest under the old one.

In connection with the agreement to surrender the old policy there was a blank space in the application with this statement under it "Company authorized to fill in policy number."

At the same time Henry Mayer executed and delivered to the defendant the certificate of loan in controversy which, as a matter of fact, was attached to and a part of his application. The paper upon which the certificate of loan was written was perforated so it could be detached from the application. It was afterwards detached and placed in defendant's files.

The application and loan certificate each purported to be executed on April 3, 1902. The certificate of loan stated that the Illinois Life Insurance Company had loaned on the new policy the sum of $2,386.80 "which, with any additional loan, shall be a lien on said policy until paid; simple interest at the rate of six per cent. per annum to be added thereto until the end of the distribution period of said policy, at which time the profits accruing to it shall be used toward the payment of said loan, and any excess paid in cash or used as set forth in the policy, at the option of the insured. * * *" It also provided, "In event of my death or failure to make any payment when due to said company before said loan is fully paid, the amount remaining unpaid shall become due and be deducted from the amount payable under said policy."

The policy of insurance was issued on June 3, 1902, but the insurance given by its terms was as of the date of April 3, 1894. While the new policy purported to be for $5,000, it provided for the payment of much larger sums in case of death. In such event, the first year after its execution $7,527.56 would become due, while in the twentieth year the sum to be paid would amount to $10,616.80. It further provided for the payment of a premium of $401.20 as of April 3, 1894, and a like sum each year until twenty annual payments of that amount should be made. It credited insured with eight of such premiums as already paid.

Appellant states the transaction in a way which appellee characterizes "very fair" as follows:

"Mayer wanted this particular form of policy and

to secure it he was asked not only to surrender and cancel his old policy, but to give something in addition. This something was a certain amount of money to make a consideration, together with the value of his old policy, equivalent to the value of the new policy he was to receive. He did not have the cash to pay the amount of $2,386.80, so the Illinois Life agreed to take a loan certificate from him for the amount, just as though the policy had been issued long before.''

It is the contention of the plaintiff that the contract of insurance between the defendant company and the insured was fully and completely expressed and set forth in the policy of insurance; that the policy stated therein the insurance was granted in consideration of the written and printed application of the policy ''which is hereby made a part of this policy''; that because of these specific recitals of consideration contained therein, the loan certificate ought not to have been allowed in evidence to modify, alter, explain, vary or contradict the terms of the policy itself; that the language used was unambiguous and if there was any ambiguity, it should have been resolved in favor of the beneficiary; that in the absence of fraud or mistake, all previous verbal agreements were merged into this written contract of insurance which must be conclusively presumed to contain the entire agreement of the parties with all the conditions of its fulfillment then contemplated.

On these grounds plaintiff objected to the introduction in evidence of the loan certificate, and the alleged error of the court in permitting it to be received is the principal matter urged.

In the absence of fraud or mistake a written contract is presumed to fully and completely set forth the agreement of the parties with reference to the subject-matter thereof. All prior negotiations are presumed to be merged in such contracts, oral contemporaneous evidence is inadmissible to vary the terms thereof, and an ambiguity in a contract of insurance must be con-

strued in favor of the beneficiary. These are rules of law which are elementary and do not require the citation of authorities.

We think, however, the court did not err in admitting the loan certificate in evidence for two reasons:

In the *first* place, the oral evidence received and which laid the foundation for the introduction of the loan certificate was not evidence which tended in any way to vary the terms of the contract. That evidence was introduced and, we think, properly received by the court for the purpose of identifying the real contract and not for the purpose of changing its terms. Where different instruments are executed between the same parties relating to the same subject-matter, all of the instruments should be construed together in determining the real intention of the parties. *Illinois Match Co. v. Chicago, R. I. & P. Ry. Co.,* 250 Ill. 396; *People v. Economy Light & Power Co.,* 241 Ill. 290; *Crandall v. Sorg,* 198 Ill. 48. This is true whether the various instruments are executed at the same time or at different times. *Stacey v. Randall,* 17 Ill. 467; *Crandall v. Sorg,* 198 Ill. 48. The evidence by which the loan certificate was made admissible was precisely the same kind of testimony as that by which the policy was rendered admissible, to wit, proof of its due execution and delivery. Oral evidence is admissible for the purpose of showing that different instruments do, in fact, relate to and are a part of the same transaction, but such evidence tends only to identify the real contract and not to vary or change its terms.

In the *second* place, there is a well-defined exception to the general rule that oral evidence cannot be introduced to vary the terms of a written contract, the exception being that the actual considerations upon which the contract was made may be proved by parol evidence to be contrary to the recitals of the written contract.

The recital in a written instrument of the considera-

tion therefor is prima facie only, and is not conclusive and it can be explained, varied and contradicted by parol proof, the only limitation upon this rule being that the effect of this proof must not be to defeat the grant, transfer or contract made by such instrument so as to make the instrument itself void. *Seacord v. Seacord,* 160 Ill. App. 328; *Brosseau v. Lowy,* 209 Ill. 405; *Russell v. Robbins,* 247 Ill. 510; *Lloyd v. Sandusky,* 203 Ill. 621; *Crane v. Chandler,* 190 Ill. 584; *Merriman v. Schmitt,* 211 Ill. 263. As the execution and delivery of the loan certificate related to the consideration for the policy of insurance, oral evidence to show the true facts was properly received. In some States this rule has been changed by statute as to policies of insurance, but where not so changed the rule applies to insurance as well as other contracts. *Knickerbocker Life Ins. Co. v. Norton,* 96 U. S. 234; *Iowa Life Ins. Co. v. Lewis,* 187 U. S. 335.

Appellant argues as the certificate of loan is dated April 3rd and the policy June 3rd thereafter, the certificate could not become a lien upon the policy for the reason that the policy was not yet ''in being'' at the time the loan certificate was executed, but this view disregards the facts in evidence which show that while the policy and application (including the certificate of loan) were of different dates, the execution and delivery of them constituted a single transaction and the provisions thereof became effective at the same time. The lien under the certificate of loan came ''in being'' at the same time as the policy.

Appellant next urges that defendant was without power to make this loan because the amount of the loan was greater than the sum total of the reserve of the policy. An examination of the provisions of the policy relied on shows that these provisions refer to the positive obligation of the Insurance Company to make a loan to the insured and the limitations upon such obligation, but do not in any way restrict the power of the

Mayer v. Illinois Life Ins. Co., 211 Ill. App. 285.

company to make loans at other times and in different amounts in case it should desire to do so.

It is next contended that the loan certificate cannot represent a loan under the policy because it bears interest at 6 per cent. and it is claimed that the policy provides that a loan shall be made thereon at 4 per cent. However, the rate of 4 per cent. which is mentioned in the policy appears upon examination to refer not to the rate of interest to be charged the insured, but to the rate of interest which shall be used in determining the net amount of the reserve. This reserve is a matter of mathematical computation which depends upon the table of mortality and the rate of interest which is adopted.

Appellant next urges that the Insurance Company was without power to make a loan of this kind. The defense of *ultra vires* must be proved by the one alleging it and, if there be any such restrictions upon the powers of the defendant corporation, we cannot find the proof thereof in this record.

It is also urged that the claim of defendant under the certificate of loan is inconsistent with this clause of the policy: "This policy shall be incontestable for the breach of any of the provisions hereof occurring after two years from the date of issue, excepting only the failure to pay premiums, as required herein."

We do not think the claim for lien of defendant is inconsistent with this clause. Appellee does not contest the policy, but on the contrary concedes that it is valid and claims under the provisions of the loan certificate a lien upon the proceeds thereof. If the loan certificate is not valid, the premiums upon the policy have not been paid and it might be contestable on that ground.

Other points are urged by appellant which we do not think it necessary to consider.

Appellate Courts of this State in two districts have passed upon similar questions to those arising in this

record and in each case the decision has been adverse to the contentions of plaintiff in error. *James v. Franklin Life Ins. Co.*, 180 Ill. App. 632; *Noth v. Fidelity Mut. Life Ins. Co. of Philadelphia*, 211 Ill. App. 94.

Appellant seeks to distinguish those cases in that the suits there were in each case brought by the holder of the policy and not the beneficiary thereunder. We do not think this would make any difference. The policy reserved to Henry Mayer the absolute right to change his beneficiary at any time. Plaintiff's right under the policy up to the time of her husband's death was a mere expectancy which might have been defeated through his power to revoke her appointment as beneficiary. If he could in such a manner entirely defeat any claim of plaintiff under the policy, on what theory can it be urged that he might not in part defeat it by creating a lien against the sums of money to become payable thereunder?

We think the whole contract which was contained in the application, certificate of loan and the policy was fair and just; that the trial court properly construed the same and that there is no error in the record. The judgment will, therefore, be affirmed.

*Affirmed.*