West Suburban Mortgage Company, Appellee, v.
George C. Peterson Company, Appellant.

Gen. No. 37,212.

488

Opinion filed June 15, 1934. Rehearing denied June 27, 1934.

Bussian & DeBolt, for appellant.

Cheney, Evans & Peterson, for appellee; Albert Peterson, of counsel.

Mr. Presiding Justice Sullivan delivered the opinion of the court.

This appeal seeks to reverse a judgment for $1,096.15 rendered in favor of plaintiff, West Suburban Mortgage Company, and against defendant, George C. Peterson Company, in an action tried by the court without a jury.

Plaintiff's statement of claim alleged that its claim was for money due on a certain promissory note for $1,000, executed and indorsed by defendant May 9, 1923, and payable five years after date to the order of itself; that said note was delivered to plaintiff, which is the legal owner and holder thereof; and that there is due on the note $1,000 with interest thereon at seven per cent from May 9, 1932.

Defendant's affidavit of merits averred that it was not indebted to plaintiff in any sum, because the note executed by the officers of defendant in its behalf was unauthorized by it and was ultra vires the corporation; that it received no consideration for the execution of the note, but on the contrary it was executed by it as an accommodation to the First National Bank of Aurora, Illinois, and one Ella M. Edgar; that it is not indebted on the note because same was secured by a mortgage on certain real estate in Kane county, Illinois, which note and mortgage said Ella M. Edgar assumed and agreed to pay as part of the consideration for the real estate she purchased from it; that, although the note and mortgage matured and the note was payable under its terms and the terms of the trust deed May 9, 1928, the owner and holder of the note, without the knowledge, consent or authority of defendant, agreed with Ella M. Edgar to extend the time of payment of same on condition that she would continue to pay the interest thereon; that she has paid no part of the principal of the note but has only paid the interest on same for the purpose of securing the extension on the note, thereby releasing and discharging defendant from liability on the same.

The salient undisputed facts disclosed by the evidence are that defendant is a Delaware corporation licensed to do business in Illinois for the purpose of dealing in petroleum products both at wholesale and retail; that in 1923 it acquired the property located at the southeast corner of Lake and Walnut streets, Aurora, Illinois, for the purpose of constructing and maintaining thereon a retail gasoline service station; that at the time defendant acquired the property it was improved with an old residence occupying the front portion of same; that defendant removed this building to the easterly 55 feet of the lot and remodeled it; that May 9, 1923, defendant executed the note in question, together with other notes aggregating $3,750,

and a trust deed recorded May 11, 1923, to this easterly 55 feet of the lot to secure the payment of the notes; that defendant sold and thereafter on May 23, 1924, conveyed by warranty deed to Ella M. Edgar approximately the easterly 55 feet of the lot; that she as grantee in the deed assumed and agreed to pay the notes secured by the trust deed; that she paid the interest on the note in question until its maturity May 9, 1928, and thereafter the interest due to May 9, 1932, the last payment of interest having been made June 24, 1932; that plaintiff acquired the note for a valuable consideration, either in June or July, 1932, from one Mrs. McNulty, who was a holder in due course or had received the note from her father, a holder in due course or from his estate; that the trust deed securing the notes aggregating $3,750 contained the following recital: "This trust deed and notes accompanying same are made pursuant to authority duly granted by the Board of Directors and stockholders of the grantor herein."

Defendant contends (1) that the execution of the note in question was ultra vires and void in that it was executed by the officers of defendant corporation without consideration to it and wholly as an accommodation to the First National Bank of Aurora (hereinafter called the bank) and Ella M. Edgar in connection with the sale of the property by defendant to her; (2) that plaintiff came into possession of the note more than four years after its maturity and is not an innocent purchaser for value; and (3) that the note upon which this action is predicated is one of several aggregating $3,750, which Ella M. Edgar assumed and agreed to pay when she purchased the property from defendant, and that upon its maturity the holder of the note for a valuable consideration and without the knowledge or concurrence of defendant agreed with Ella M. Edgar to extend the time of payment of

the note, thereby discharging defendant from personal liability on such note and mortgage.

Plaintiff's theory is that the execution of the note by the defendant, by and through its president and secretary, was not ultra vires and void; that the note was executed by it for a good and valuable consideration; that the note was not executed by defendant as an accommodation; that plaintiff acquired the note for a valuable consideration from a holder in due course without notice of any infirmity in or defense to the note; that interest had been paid on the note up to within about one month of the time plaintiff purchased same, and that it is immaterial that the plaintiff acquired the note more than four years after its maturity, inasmuch as it purchased the note from a holder in due course for a valuable consideration without notice of any defense; that the execution of the notes aggregating $3,750 and the trust deed on May 9, 1923, and their delivery to the bank to secure a loan of that amount were acts within the lawful powers of defendant corporation; that the property which defendant mortgaged for $3,750 was not conveyed by warranty deed to Ella M. Edgar until May 23, 1924, in and by which conveyance she assumed and agreed to pay the notes secured by the trust deed of May 9, 1923; that no valid and binding agreement was entered into at or after the maturity of the note between the holder of same and Ella M. Edgar for the extension of the time of its payment, and that the record does not disclose any consideration for any such alleged extension agreement.

It is conceded that if defendant's officers, either with or without authority of its board of directors, executed and delivered the notes and trust deed to the bank wholly as an accommodation to it or to Ella M. Edgar, such a transaction being clearly outside of the object of the corporation's creation as defined

in the law of its organization was, therefore, beyond the powers conferred upon it by the legislature and wholly void and of no legal effect. (*Central Transp. Co. v. Pullman's Palace Car Co.,* 139 U. S. 24; *Calumet & Chicago Canal & Dock Co. v. Conkling,* 273 Ill. 318.) There is a distinction, however, between cases where the act of the corporation was beyond the powers conferred upon it by law and the cases where the act was within the scope of its power, but where there was a failure to comply with some regulation or where the power was improperly exercised. (*North Avenue Building & Loan Ass'n v. Huber,* 270 Ill. 75.) Defendant, after acquiring the property for the purpose of erecting and operating a gasoline service station, decided that it did not require all of the property for its needs in that regard and moved the old building to that portion of the premises it contemplated disposing of. It remodeled the building thereon for a more advantageous disposition of the property. It not only could sell that property but it was its duty under the law to dispose of land not reasonably necessary to enable it to transact its business.

Defendant asserts that the execution of the notes and trust deed by it was at the bank's suggestion and request, to secure a loan of $3,750 from the bank, not to defendant but to Ella M. Edgar to be applied by her on the $7,000 purchase price of the property, and that its conveyance of the property to her by warranty deed and its execution of the trust deed and notes and indorsement of the notes were all part of one transaction to enable her to pay $7,000 cash for the property, notwithstanding the fact that the notes and trust deed were executed and the trust deed was recorded more than a year before the execution of the warranty deed covering the property to Ella M. Edgar.

Oscar L. Peterson testified that he was vice president and secretary of defendant corporation and that

although he and his brother, who was president of the company, executed the notes and trust deed May 9, 1923, and the trust deed was recorded May 11, 1923, defendant received no part of the money for which the notes and mortgage were given until after the property was conveyed by defendant to Ella M. Edgar by warranty deed May 23, 1924; that he and his brother were the founders and dictated the policies of the company subject to orders of the board of directors; and that a Mr. Watson, president of the bank, but who was dead at the time of the trial, handled all the negotiations for the purchase of the property for Ella M. Edgar and that these negotiations began in 1923. This witness produced in evidence a ledger sheet of defendant which included, among others, an entry of payment of $3,750 on "house" May 31, 1924, without any indication as to who made that payment. Peterson also testified that his dealings concerning the notes, trust deed and sale of the property to Ella M. Edgar were exclusively with the deceased Watson.

The burden of proof was on defendant to establish the defense of ultra vires and that it executed the note in question and the trust deed merely for the accommodation of Ella M. Edgar. (Fletcher's Cyc. Corp., Vol. 2, sec. 811; *Mayer v. Illinois Life Ins. Co.,* 211 Ill. App. 285; *Talmadge v. Clewiston Iron Co.,* 252 Ill. App. 508.) We are of the opinion that it has failed to meet that burden. No satisfactory explanation was offered as to why defendant executed, indorsed and delivered the note in question, as well as the other notes aggregating $3,750, the amount of the mortgage loan, more than one year before the conveyance of the property to Ella M. Edgar by warranty deed, if it did not receive the amount of the loan. Neither was a satisfactory explanation offered as to why the trust deed was executed and recorded more

than a year prior to the transaction of May, 1924, of which defendant now claims such trust deed was a part. It is immaterial, as far as its liability is concerned, when defendant received the proceeds of the loan represented by its notes and secured by its trust deed. Assuming that the ledger sheet in evidence reflects the truth as to defendant's receipt of the proceeds of the loan on May 31, 1924, when Ella M. Edgar also made a payment of $2,500 on the purchase price of the property, it is much less inconsistent to conclude that the bank by prearrangement deferred the payment of defendant's loan to it until that time, than to accept defendant's theory that the bank loaned the money to Ella M. Edgar on May 31, 1924, on defendant's notes and trust deed of May 9, 1923.

The proceeds of this loan went into the treasury of defendant. It had the power to borrow money to carry on its business and to mortgage its real estate to secure the payment of same. The trust deed contained the following recital: ''This trust deed and notes accompanying same are made pursuant to authority duly granted by the Board of Directors and stockholders of grantor herein.'' Even without such grant of specific authority, the officers who executed the trust deed and notes were clothed under its by-laws with ample authority to execute same in behalf of defendant. The warranty deed from defendant to Ella M. Edgar recited that she assumed and agreed to pay the mortgage as part of the purchase price of the property.

Defendant's contention that it received no consideration for the $1,000 note in question and that the proceeds of the loan on this note were paid to it by the bank as Ella M. Edgar's agent on May 31, 1924, as part of the $7,000 cash purchase price of the property, is refuted by an indorsement on the back of the note, ''December 21, 1923 Int. pd. to 11-9-23,'' and by an-

other indorsement, "May 16, 1924 Int. pd. to 5-9-24." These indorsements of the payment of interest from the date of the execution of the note and for a whole year prior to the conveyance of the property to Ella M. Edgar impress us conclusively as showing that the ledger entry in evidence does not speak the truth. It strikes us as very peculiar, to say the least, that men who are officers of a large business enterprise would obligate their company to pay and would, in fact, pay interest on a note for more than a year before the company received the amount of the loan represented by the note. It is only reasonable to infer that Ella M. Edgar did not pay the interest on the note for the year prior to her purchase of the property and assumption of the mortgage. The indorsements on the note of the payment of interest from May 9, 1923, to May 9, 1924, appear to us to lead inevitably to the conclusion that the proceeds of the loan for which defendant gave its notes and trust deed of May 9, 1923, were received by defendant on its own account from the bank and not from Ella M. Edgar in the circuitous manner now suggested.

Not only do we fail to perceive in this cause any act of the defendant corporation outside of the scope of its powers, but the record discloses neither failure of its officers to comply with the prescribed regulations of the corporation nor the improper exercise of any of its powers by them.

As to defendant's second contention that plaintiff was not an innocent purchaser for value because it purchased the note more than four years after its maturity, it is sufficient to state that the evidence disclosed that plaintiff acquired the note in question for a valuable consideration from a holder in due course. Paragraph 67, section 47 of the Negotiable Instruments Act (chapter 98, Cahill's 1933 Illinois Revised Statutes) provides:

"An instrument negotiable in its origin continues to be negotiable until it has been respectively indorsed or discharged by payment or otherwise."

There is no claim that the note was ever paid. Demand was first made on Ella M. Edgar for payment, which was refused. Defendant likewise refused to comply with plaintiff's demand for payment. The mortgagor who indorses in blank a promissory mortgage note, the payment of which is assumed by its grantee, becomes, in effect, a surety for its payment when due. It is well settled that such instruments indorsed in blank pass by delivery, the indorsement being treated as made to each subsequent transferee; also that the negotiability of commercial paper does not cease with its maturity, but it can still be negotiated by indorsement. (*Justice v. Stonecipher,* 267 Ill. 448.) It has repeatedly been held that a promissory note is a negotiable instrument, notwithstanding the fact that it is secured by a trust deed, and plaintiff's right to enforce the payment of the note in question as against defendant is clearly established by the evidence.

Defendant's third contention that the holder of the note upon or after its maturity for a valuable consideration agreed with the grantee, without the knowledge or concurrence of defendant, to extend the time of payment of the note is without merit. A valid and binding agreement for a definite extension of the time of payment of the note based on some good or valuable consideration entered into between the grantee who had assumed the payment of the mortgage and the holder of the note, without the knowledge of the defendant mortgagor, would unquestionably discharge defendant from personal liability on the note. But there is not a word of competent evidence in the record of any such agreement between the holder of the note and Ella M. Edgar, defendant's grantee. Inter-

est was paid to the date of its maturity, May 9, 1928, and thereafter to May 9, 1932, four years after its maturity, and, while it is true that no action was taken to foreclose the trust deed nor to enforce payment of the note otherwise, in the absence of proof to the contrary, such forbearance must be attributed to patient consideration shown to those liable on the note rather than to a valid binding agreement for an extension, the legal effect of which would be to discharge the personal liability of defendant. We are of the opinion that the trial court was fully justified in its finding and judgment.

For the reasons indicated herein the judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.