DAVID BAILEY, appellant, *v.* WILLIAM CROMWELL *et al.*, administrators of Nathan Cromwell, deceased, appellees.

| 4 | 71 |
| 86a | 659 |

*Appeal from Tazewell.*

Where a note, and an agreement in relation to the note, are made at the same time, they must be taken together, and form one entire contract.

Where the consideration of a promissory note was the sale of a negro girl, and at the time of the sale, it was agreed between the parties, that before payment should be demanded of the note, the payee should produce the necessary papers and indenture, to prove that the girl was a slave, or bound to service under the laws of the State of Illinois, and such papers were not produced, though demanded: *Held,* that there was no consideration for the note, and that it was void.

It is a presumption of law, in the State of Illinois, that every person is free, without regard to color.

The sale of a free person is illegal.

THIS cause was heard in the Court below, at the September term, 1839, before the Hon. William Thomas.

A. LINCOLN, for the appellant, cited 10 Johns. 198; 10 Wend. 384; 3 Caines 325; Ordinance of Congress, Art. VI.; R. L. 57; Gale's Stat. 44; Const. of Ill., Art. VI.; 14 Johns, 188; 2 Bibb. 238; 2 Salkeld 666.

S. T. LOGAN, for the appellees.

BREESE, Justice, delivered the opinion of the Court:

The administrators of Cromwell brought an action of *assumpsit*, in the Tazewell Circuit Court, against Bailey, upon a promissory note, made to him, in his life time. The defendant pleaded, first, non assumpsit; secondly, no good or valuable consideration; thirdly, that the consideration had wholly failed, in this, that the note was given for the purchase of a negro girl, sold by Cromwell to Bailey, and who was represented to Bailey, at the time of the purchase, to be a slave and servant, when in fact she was free; and, fourthly, that the consideration had wholly failed, in this, that the note was given for the purchase of a negro girl, and that it was agreed at the time, between the parties, that before payment was to be demanded of the note, Cromwell was to produce the necessary papers and indenture, to show and prove that the said girl was a slave or servant, and bound to servitude under the laws of this State, and that said title papers were not produced, though demanded by the defendant. Issues of fact were made up on the first and second pleas, and of law upon the third and fourth, and determined in favor of the plaintiffs. The defendant stood by the fourth plea, and took leave to amend the third. The third plea, as amended, states that the consideration has wholly failed, in this, that the said note was given in consideration of the purchase of a certain black or negro girl or woman, named Nance, by the defend-

ant, of the said Cromwell, deceased, and which he falsely and fraudulently warranted to said defendant to be his property, slave, and servant, and lawfully bound, by the laws of the State of Illinois, to serve him as such slave or servant, when, in truth and in fact, shè was free, and not the property or slave of said Cromwell, at the time of said pretended sale,—concluding with a verification. To this plea there was a replication, and issue to the country. The cause was tried, by consent, by the Court. The Court found for the plaintiffs, and assessed their damages to $431.97, for which judgment was rendered, and an appeal taken to this Court, the judgment of the Court having been excepted to, by the defendant, under the statute.

The errors assigned are, first, in sustaining the demurrer to the fourth plea ; and, secondly, in giving judgment for the plaintiffs on the issues and evidence submitted.

The fourth plea, it will be observed, sets up a contract on the part of Cromwell, to procure the necessary papers and indenture to prove that the negro girl was legally held by him in servitude ; and that the payment of the note was not to be demanded until those papers were furnished.

This note and agreement, made at the same time, must be taken together as forming one entire contract. The plaintiff, being the payee of the note, had a right to stipulate that payment should not be demanded until he had furnished to the defendant the evidence of the negro girl's obligation to serve. Without such evidence, the defendant would be unable to compel her to serve him, and the purchase would be of no benefit to him. The agreement shows the condition upon which the note was given, which was binding on Cromwell, and after his death, upon his administrators, and if not complied with, as averred in the plea, would defeat the action. We think, therefore, the first error is well assigned.

In regard to the second error, which questions the correctness of the decision of the Court, sitting as a jury, upon the whole case, we are inclined to the opinion, that the evidence fully sustains the issues on the part of the defendant, and that the Court should have so found, particularly upon the second plea.

It was proved, as appears from the bill of exceptions, that the consideration of the note sued on was the negro girl; that at the time of the purchase, by an agent of the defendant, Cromwell represented her to be his servant, bound by indenture to serve him, seven or nine years, and that he had a right to sell her as his property, and that in a few weeks he would produce the title papers showing that she was his property ; that the note declared on was to be destroyed at the time when the title papers should be produced by Cromwell, and a new note given, and a title made to the girl, by Cromwell ; that the title papers never were produced by Cromwell ; that they had been demanded of his administrator, who stated that he had none in his possession ; that he had exa-

mined, and could find none ; that when the purchase was made, Cromwell was on the eve of his departure for Texas, and died at St. Louis, on his way there. It was further proved, that the girl was in possession of Bailey, the defendant, for about six months, at the expiration of which time she left his service, and never since returned,—she asserting and declaring all the time that she was free. It was also proved that she was over twenty-one years of age, and had been a resident of this State for several years before the purchase, and that she had been in the possession of Cromwell since 1831. It was also proved, that while the girl was living with defendant, she purchased goods at a store, and a regular account was kept against her. These are the principal and most important facts, and we think they make out a valid defence to the note, under the second issue submitted for trial.

This Court decided, at the last December term, in the case of Kinney *v.* Cook, that the presumption of law was, in this State, that every person was free, without regard to color. This presumption must be allowed, in this case, that the girl, which was the consideration of the note, was free, and it was incumbent on the plaintiff to rebut that presumption, by showing some legal claim to her services, which, partaking of the nature of property, he could sell and transfer.

The defendant sustained the issue on his part, under the second plea, by simply showing, that the girl was the consideration of the note. The presumption then obtained that she was free, and not the subject of sale. This presumption the plaintiffs did not attempt to rebut, by any proof whatever. It was sufficiently proved also, that Cromwell had warranted that she was bound to service, and that he had a legal right to sell her, which the plaintiff did not show upon the trial. This want of title to her service is a failure of consideration, or rather is no consideration for the note.

The girl being free, and asserting her freedom in the only modes she could, by doing as she pleased, making purchases, contracting debts, and controlling her own motions, could not be the subject of a sale, and no right to her services would pass by such sale.

The sale of a free person is illegal, and that being the consideration of the note, that is illegal also, and consequently no recovery can be had upon the note. (1)

The judgment is, therefore, reversed.

*Judgment reversed.*

(1) 10 Wend. 384.