## JOHN B. HUNTER

*v.*

## SARAH J. C. CLARKE.

*Opinion filed February 19, 1900.*

1. APPEALS AND ERRORS—*Appellate Court's finding that agency existed is binding.* In a jury trial the question of the existence of the relation of agency must be left to the jury under appropriate instructions, and the Appellate Court's finding on that subject is binding upon the Supreme Court.

2. BILLS AND NOTES—*note is negotiable though mortgage permits it to be declared due before maturity.* The negotiability of a note secured by mortgage is not affected by the provision of the mortgage that the note may be declared due before the day fixed for payment, upon the happening of some contingency.

3. SAME—*amount of note is not uncertain because mortgage secures advances.* That a mortgage provides for the allowance of attorney's fees and costs and advances for insurance and taxes, in case of foreclosure, does not render the amount of the note uncertain, so as to affect its negotiability.

4. SAME—*bona fide purchaser without notice is entitled to protection.* One purchasing a negotiable note before maturity, for value and without notice of payments or defenses, is entitled to protection.

*Clarke* v. *Hunter,* 83 Ill. App. 100, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

JAMES M. GRAHAM, and BEACH & HODNETT, for appellant.

HUMPHREY, McANULTY & ALLEN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Sarah J. C. Clarke, appellee, brought this suit in assumpsit in the circuit court of Sangamon county against John B. Hunter, appellant, upon a principal note and

two interest notes given for semi-annual interest thereon. The principal note declared on is as follows:

"$5000.                    SPRINGFIELD, ILL., *February 20, 1889.*

"On March 1, 1894, after date, value received, for money loaned, I promise to pay to the order of Edward T. Oliver five thousand dollars, with interest on the same at the rate of eight per cent per annum, after due, until paid, according to the tenor of a certain mortgage deed, bearing even date herewith, given by John B. Hunter and wife to Edward T. Oliver. Payable at the State National Bank, with exchange.

JOHN B. HUNTER."

Plaintiff also set out the mortgage mentioned in said principal note, which secured the same and the notes given for interest up to its maturity. The mortgage provides that in case of the neglect or refusal to pay any of said notes when due, or in case of waste or non-payment of taxes and assessments, or neglect to insure or keep insured the buildings on the mortgaged premises for the benefit of the mortgagee, the principal note, with all accrued interest thereon, should become due and payable at the option of the legal holder thereof, and the mortgage might then be foreclosed. Defendant pleaded the general issue and payment, and to the latter plea there was a replication denying payment. A jury was waived and there was a trial before the court, resulting in a finding and judgment for defendant. Plaintiff appealed to the Appellate Court, and that court reversed the judgment of the circuit court and rendered final judgment for the amount due by the terms of the note, incorporating in its judgment the following finding of facts: "We find that at the time the appellant purchased the instrument sued on the same was not due; that no part of the principal had ever then been paid; that the amount of $3000 remitted by Caleb K. Lucas to Brinkerhoff & Oliver to be applied on the note was never in fact paid to the holder of the note; that in receiving such remittance Brinkerhoff & Oliver were the agents of Lucas, and that appellant, at the time of receiving the note,

had no notice of such remittance. And the court further finds that there is now due appellant upon said note the sum of $3945."

At the trial it was not disputed that the plaintiff purchased the note in good faith, before maturity, for its face value, with accrued interest, without notice of any payment or defense, as found by the Appellate Court. The next finding, that no part of the principal had been paid when plaintiff purchased the note and that Brinkerhoff & Oliver were agents of Lucas in receiving money to be applied on the note, is a conclusion of fact upon the controversy raised on the plea of payment. The evidence on that subject tended to prove the following facts: Defendant borrowed the amount of the note from Brinkerhoff & Oliver, a firm of which Edward T. Oliver was a partner. Shortly after the note and the mortgage were made, the payee, Edward T. Oliver, sold and delivered the same to David Saunderson, trustee, and endorsed the note. The defendant, Hunter, maker of the note, sold the land, and on April 15, 1891, Caleb K. Lucas, owner of the premises, applied to Brinkerhoff & Oliver for the privilege of making a payment of $3000, although the note was not due. They told Lucas they would let him know in a week or two, and afterward wrote him that they had made arrangements for him to make the payment, and on the receipt of $3120 would credit the principal note with $3000 and interest on the same to May 1, 1891. The balance to be remitted consisted of a charge of one per cent on account of pre-payment. On April 27, 1891, Lucas remitted by draft to Brinkerhoff & Oliver the said sum of $3120. The note was not credited with the payment, and they never accounted to Saunderson or paid him the $3000. They paid the interest on the full sum of $5000 to Saunderson until February 18, 1892, when they re-purchased the note and mortgage from him. Lucas continued to pay interest to Brinkerhoff & Oliver on the remaining $2000 only. On March 18, 1892, Brinker-

hoff & Oliver sold and assigned the note to plaintiff for $5015. On November 10, 1893, Lucas learned that plaintiff had bought the note and mortgage March 18, 1892, and he afterward paid the remaining $2000 and interest thereon to plaintiff.

It is contended that the finding of the Appellate Court respecting agency is not binding upon this court, but that, there being no contradiction in the evidence, the question of agency is a matter of law to be passed upon by this court. It is a question which, upon a jury trial, must be submitted to the jury under proper instructions from the court, and the finding is therefore binding upon this court. (*St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514; *Everts* v. *Lawther*, 165 id. 487.) The only question we can consider is whether the facts found by the Appellate Court are sufficient in law to justify the judgment of that court. Looking at the findings to determine that question, it will be apparent that if the plaintiff purchased the note before maturity, without notice of the remittance of $3000 to Brinkerhoff & Oliver to be applied on the note, the judgment of the Appellate Court is right, provided the note is negotiable and governed by the rules of law applicable to negotiable paper.

By our statute all promissory notes made by any person, whereby such person promises or agrees to pay any sum of money or article of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person, are negotiable. If a note is for the payment of money it must be for a fixed sum, payable at all events and at a time specified therein or at a time which must certainly arrive. The objections made to this note are, that when read with the mortgage therein referred to it may become payable before the time specified in the note, and by virtue of the provisions of the mortgage it secures an uncertain sum for taxes and insurance and secures the holder against acts constituting waste.

184—11

Assuming that the note and mortgage are to be construed as one instrument so far as the stipulations of the mortgage may affect the note, the first question is whether a provision that upon a certain contingency the holder shall have the option to declare a note due before the time fixed for its maturity will destroy its negotiability. It is true that the money must be certainly payable, and if it is uncertain whether the money will ever become due the instrument is not a promissory note. Here it is certain that the time would arrive when the note would be payable. It would be due absolutely on March 1, 1894, but upon a certain contingency it might become due earlier. Notes payable at or before a given date are negotiable. (4 Am. &. Eng. Ency. of Law,— 2d ed.—92.) An option of the maker to pay before the date fixed does not affect the negotiability of the note, and it is payable absolutely notwithstanding the option. (*Dorsey* v. *Wolff*, 142 Ill. 589.) A note payable by installments is negotiable, although the whole is to become due upon a failure in the payment of an installment or the non-payment of interest. (*Chicago Railway Equipment Co.* v. *Merchants' Nat. Bank*, 136 U. S. 268.) So a note payable at a date certain, or sooner, upon the happening of some specified event, is held to be due at such date and is negotiable; as, for example, a note due at a fixed day, or before, if made out of the sale of certain property or upon making a collection, or in case of the death of the maker before such day. (*Harlow* v. *Boswell*, 15 Ill. 56; *McCarty* v. *Howell*, 24 id. 342; *Cisne* v. *Chidester*, 85 id. 523; *Beatty* v. *Western College*, 177 id. 280.) There can be no difference, in principle, between the exercise of an option by the maker to pay before a certain day, or a provision that the notes shall be due upon the happening of some event prior to the date fixed and an option of the holder to declare it due upon the occurrence of some event. The provision for declaring the note due did not affect its negotiability.

The other proposition, that the stipulations of the mortgage render the amount promised to be paid by the note uncertain, is not correct. The amount is not increased in any event, but the note is to be satisfied by the sum certain therein named. The provisions of the mortgage for the allowance of costs, taxes, assessments, insurance and attorney's fees apply only in case of foreclosure and do not add to the amount of the note. The judgment is right, regardless of the finding respecting the agency of Brinkerhoff & Oliver, as well as the question whether the law would apply the payment on the note when it afterward came to the hands of Brinkerhoff & Oliver. Plaintiff bought it before due and without notice of the payment, and must be protected.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*