Jacob Kraft, Appellee, v. John Hora, Appellant.

Gen. No. 15,470.

NEGOTIABLE INSTRUMENTS—*when action not premature.* Where
notes are given pursuant to the terms of a contract which provides
that in the event of a certain contingency happening such notes be-
come actually due and payable, such contingency having happened,
suit thereafter brought upon such notes is not premature.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES
N. GOODNOW, Judge, presiding. Heard in this court at the March
term, 1909. Affirmed. Opinion filed January 3, 1911.

MORRIS LOEFF, for appellant; E. M. SEYMOUR, of
counsel.

S. E. THOMASON, for appellee; ROBERT M. CUTTING,
of counsel.

MR. JUSTICE SMITH delivered the opinion of the
court.

Appellee brought suit against appellant in the Munic-
ipal Court on a contract and three notes described
therein. At the close of all the evidence the court
instructed the jury to find the issue for appellee, and
judgment was entered on the verdict.

The contract and notes were dated August 4, 1908.
The notes were signed by appellant and Herman
Hecker, who is not a party to the action, payable
to the order of appellee three years after date. The
contract provides in substance that the parties, ap-
pellant and appellee, had owned and operated a roller
skating rink at Forest Park; that said partnership was
thereby dissolved; that appellee thereby assigned and
transferred all right, title and interest therein to
appellant; that said appellant assumed all the lia-
bilities of said partnership and would save the said
appellee harmless therefrom; that same was a final
and complete accounting between the said parties,

and recited in payment thereof the giving by said appellant of his three promissory notes for an aggregate sum of $3,534.30, all payable to said appellee three years after date. The contract also contains the following provision:

"(4) It is understood and agreed between the parties that if at any time the said first party shall allow suit to be brought against said second party or against first and second party jointly on any of the partnership indebtedness now incurred without settling the claim upon which suit is so brought and securing the dismissal of said suit within ten days from the date said suit is brought as aforesaid, then the notes made by the said first party, payable to said second party, and hereinbefore described, shall become immediately due and payable at the option of the second party."

The appellant claims that the contract and a set of notes without Hecker's signature had been executed and delivered and subsequently appellee became dissatisfied with the notes and destroyed same, and then the notes in controversy, with Hecker's signature, were executed and delivered to the appellee; and complains that the court erred in instructing the jury, because there was evidence tending to support the defense that the notes sued on were not those delivered under and with the contract.

There was some testimony that a set of notes had been signed by appellant and tendered to appellee, which he refused to accept, and they were destroyed. There was a conflict in the testimony as to the date and circumstances of the signing of the contract and notes, also as to the time of delivery of the same. That a set of notes had been signed, rejected and destroyed; the exact date of the signing of the papers, or any of them, during the negotiations to adjust their differences, except as bearing on the time of delivery, were not material. The question was: Were the notes in evidence delivered under and with the contract? On a careful examination of the record, we find no conflict in the testimony on this question

and no evidence tending to support appellant's claim.

The other objection urged by appellant is, that the suit was premature.

It was shown by appellee that the partnership of Hora and Kraft bought some hardwood flooring from the Hettler Lumber Co., and at the time of the delivery of the above mentioned contract were debtors of said Company; that said Company began a suit August 17, 1908, in the Municipal Court against said Hora & Kraft as co-partners, and summons served on appellee. The appellee in September, 1908, declared the notes due and demanded payment; not being paid, thereafter, on September 23, 1908, he began this suit, and appellant was served herein September 25, 1908. On October 14, 1908, a stipulation was filed in the Hettler Lumber Co. suit, dismissing same.

The only evidence presented by appellant pertaining to said Hettler suit was that he paid $150 on account August 5th, and at that time did not settle in full because he wanted a correct statement; that suit was then begun and he settled it about four days thereafter on their reducing the claim $22, which he says was about correct. The argument is then made that appellant could not control the action of the court in dismissing the Hettler suit. There is no evidence that he made any attempt to have same dismissed except the filing of the stipulation October 14, 1908. The proposition appellant relies upon in this respect is, that the appellee was not justified in declaring a breach of the contract and exercising his option.

Daniels on Neg. Insts. (5th ed.), vol. 1, p. 178, says: "Where there is a contemporaneous written contract affecting the terms of a bill or note, it is to be construed together with the bill or note in so far as each may be given effect and there is no repugnancy between them." Defenses on Com. Paper by Joyce, sec. 310; Bailey v. Cromwell, 4 Ill. 71; Duncan et al. v. Charles, 5 Ill. 561; Davis v. McVickers, 11 Ill. 327. On p. 179 the same author further says: "The time

of payment as fixed in the note may be controlled by a separate written agreement made at the time of the execution of the note." Citing numerous authorities. Hunter v. Clarke, 184 Ill. 158. In Glancy v. Elliott, 14 Ill. 455, the court held a note made payable on the happening of a contingency became payable when the contingency upon which the money was to become payable happened. Stout v. Hill, 45 Ill. 326.

From the evidence it clearly appears that the contingency upon which these notes would become payable had happened. The appellant refers us to no authority sustaining his argument, and we are not aware of any rule of law that would warrant the court in holding, under the facts and circumstances in evidence in this case, that the appellee should not be permitted to exercise his legal rights under the terms of his contract.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*