## Mark Levy and Arthur Levy, Appellees, v. Albert C. Barley, Appellant.

### Gen. No. 24,132.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918. Rehearing denied July 12, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mark Levy and Arthur Levy, plaintiffs, against Albert C. Barley, defendant, to recover on a bond guaranteeing the payment of the principal and interest of certain corporate bonds secured by a trust deed. From a judgment for plaintiffs for $2,339.81, defendant appeals.

W. F. MAYER, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellees.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. GUARANTY, § 9*—*when bonds and trust deed construed together*. Where bonds and the trust deed executed to secure their payment appear to be a single transaction, in determining the liability of one who guarantees the payment of the bonds, the bonds and deed should be read together.

2. GUARANTY, § 14*—*when recourse may be had to trust deeds to determine maturity of bonds*. Where a guaranty is given of the payment of the principal and interest on certain bonds as they severally mature and the bonds are secured by a trust deed with which they form a single transaction, the date of maturity of the bond is not necessarily the date specified in the bonds themselves,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

but recourse may be had to the trust deed to determine their maturity.

3. ACTION, § 68*—*when not prematurely brought on guaranty of payment of bonds and interest.* Where the trust deed securing bonds provides that on the failure or refusal of the maker of the bonds to pay the bonds or any of them or any instalment of interest when due and payable and if the same shall remain unpaid for a period of thirty days, then all of the bonds shall become due and payable, an action may be brought on a guaranty given to secure the payment of the bonds on a default in the payment of interest, even though the time fixed in the bonds for the maturity of the principal has not arrived.

4. GUARANTY, § 12*—*when guarantor not liable for interest.* Where the maturity of bonds is accelerated by bankruptcy proceedings against the maker or by default in the payment of interest thereon, as provided by the trust deed securing them, and the principal and interest to the date of the accelerated maturity are paid, one who had guaranteed the payment of the principal and interest of the bonds cannot be held liable for interest accruing after the accelerated payment.

5. BANKRUPTCY, § 59*—*what is liability of guarantor upon bankruptcy of debtor.* There is some force in the contention that section 16 of the Bankruptcy Act was intended to prevent, in the interest of creditors, a codebtor or guarantor from escaping liability in a contract by reason of the bankruptcy of a debtor.

6. APPEAL AND ERROR, § 542*—*what must be pointed out in trial court.* Refusal to grant a motion to strike out the answers of a witness is not error where the grounds on which the motion is based are not pointed out to the trial court.