## P. A. Fischer, Appellee, v. William M. Jackson, Appellant.

### Gen. No. 7,900.

1. FORECLOSURE OF MORTGAGES—*presumption as to nature of service upon which judgment in foreclosure based.* Where a judgment in foreclosure proceedings in the courts of another State expressly recites that it is a judgment *in rem*, and the record does not show that any deficiency judgment or any other judgment was taken against the mortgagor in respect of the mortgage indebtedness, in the absence of affirmative proof that the judgment in foreclosure was had upon personal service it must be considered as based upon constructive service.

2. FORMER ADJUDICATION—*essential allegations in support of plea of former recovery in assumpsit for mortgage foreclosure deficiency.* In an action of assumpsit upon promissory notes secured by a mortgage given by the defendant, covering lands in another State, it is incumbent upon defendant, in order to establish a plea of former recovery upon the identical causes of action based upon proof of a foreclosure of the mortgage in the courts of the State wherein the land was situate, to plead facts showing that he either appeared personally or was personally served in the mortgage foreclosure proceeding.

Fischer v. Jackson, 239 Ill. App. 322.

3. NEGOTIABLE INSTRUMENTS—*maturity of right of action on notes not yet due, after default of payment of principal or interest of mortgage debt represented thereby.* The holder of promissory notes falling due at consecutive yearly intervals was not precluded from bringing assumpsit upon all of them by reason of the fact that some were on their face not yet due, where the mortgage by which such notes were secured recited that in the event of a default of payment of principal or interest of the mortgage debt, represented by such notes, the whole indebtedness, at the option of the mortgagee, might be declared presently due and payable, and the declaration averred an election by the plaintiff to declare the entire indebtedness due on account of a default in the payment of principal and interest in accordance with the terms aforesaid.

4. FORECLOSURE OF MORTGAGES—*right of mortgagee to maintain assumpsit to recover deficiency after sale on foreclosure by constructive service in State where lands situated.* Notwithstanding Montana Code, § 9467, providing that there may be but one action for the enforcement of any right secured by a mortgage upon real property, and that in such action the court may direct a sale of the mortgaged property and the application of the proceeds thereof to the debt, and thereafter docket a judgment for any unpaid balance against the defendants personally liable therefor, the holder of notes secured by a mortgage of lands in that State may sue the maker thereon in this State in assumpsit, although he has had foreclosure upon such mortgage in the courts of Montana, where such foreclosure judgment was had upon constructive service and the sale on foreclosure left a balance of the mortgage indebtedness unpaid.

5. EVIDENCE—*admissibility of former plea of defendant in assumpsit to which demurrer of plaintiff sustained.* It is not error to admit in evidence, at the trial of an action in assumpsit, a former plea of the defendant therein to which a demurrer has been sustained, such plea constituting a statement of fact by defendant as to the subject matter of the action.

6. HARMLESS AND PREJUDICIAL ERRORS—*instruction as to amount of recovery in assumpsit on notes in absence of testimony as to computation thereof.* Error may not be predicated upon the fact that the court, in an action in assumpsit on promissory notes, gave the peremptory instruction for plaintiff without any witness having testified as to a computation of notes, interest and indebtedness, where the matters in issue were all before the court and the record shows that the computation made by the court before the instruction was given exceeds the amount stated in the instruction and found by the verdict, as well as the *ad damnum* stated in the declaration,

and there was no dispute in the testimony as to the amount of the indebtedness.

Appeal by defendant from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed December 31, 1925.

R. C. NEFF, for appellant.

HOGAN & REESE and SPRINGSTUN & SPRINGSTUN, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee brought this action in assumpsit against appellant, based upon ten promissory notes, each for the sum of $1,000, and executed by appellant on April 28, 1919, bearing interest at the rate of 6 per cent per annum, one of said notes falling due on each April 28 during the ten consecutive years following 1919. The declaration sets out the notes and further avers: "That the aforesaid notes were secured by a certain mortgage on real estate signed by the said William M. Jackson in which it is provided as follows: 'But in case default shall be made in the payment of said principal sum of money, or any part thereof as provided in said notes, or if the interest or taxes that may grow due thereon or any part thereof shall be due and unpaid according to the terms of said notes for the space of ten days after the same should have been paid, then and from thenceforth it shall be optional with the said party of the second part (P. A. Fischer), his heirs, executors or assigns to consider the whole of said principal sums, expressed in said notes, immediately due and payable at the time expressed in said notes, if the time of payment thereof shall not have arrived.

" 'It is further averred in said count the plaintiff

has elected to declare the entire indebtedness due and payable on account of the default in the payment of the principal and interest according to the terms of said notes.' ''

Appellee also filed the common counts and averred his damages at $5,000. Appellant pleaded the general issue and a special plea averring the recovery of a judgment by appellee against appellant in the District Court of the Seventh Judicial District of the State of Montana in and for the county of Wibaux, for the same and identical cause and causes of action, on the 3d day of March, 1922, for the sum of $12,375. Appellee joined issue on the general issue and as to appellant's second plea replied *nul tiel* record, upon which replication issue was joined. There was a trial by jury, proofs were submitted by appellee and the court instructed a verdict in behalf of appellee in the sum of $5,000, upon which judgment was rendered, and appellant has brought the record to this court, by appeal, for review.

It appears by the proofs submitted that appellant executed a mortgage on the 28th day of April, 1919, covering certain lands situated in Wibaux county, Montana, to secure the said notes, and that said mortgage contained the optional clause herein recited, authorizing and empowering the holder of said notes, in case of a default, to declare the entire indebtedness due and payable, and the mortgage further contained provisions requiring the grantor, appellant, in case of foreclosure or suit, to pay certain attorney and solicitor's fees, charges and costs. The proofs submitted show a default on the part of appellant in the payment of the notes by letters written by appellant to appellee and by the record of a judgment *in rem* in the District Court of Montana in and for the county of Wibaux, wherein appellee by a suit brought to foreclose the mortgage given by appellant against the said lands had secured a decree in said court, wherein appellant was

named as defendant, on March 3, 1922, finding and decreeing that there was due from the defendant to the plaintiff, appellee in this suit, the sum of $12,375 upon the said notes and indebtedness, and decreeing the said sum to be a lien and charge upon the said lands and ordering a sale of the lands or so much thereof as might be necessary to satisfy said decree.

It further appears from the records of said court that thereafter, in pursuance of said decree, the sheriff of said Wibaux county sold the said lands to appellee, he being the highest bidder therefor, for the sum of $8,000, and it is recited in said proceedings that after said sale there still remains due from defendant to the plaintiff, after applying the amount of said sale upon the said indebtedness, the sum of $4,479.08. Appellee submitted as proofs the notes, the mortgage, the letters of appellant and the record of the proceedings in Montana to show the default on the part of appellant and the amount of the sale to be applied upon the notes. Appellant submitted no proofs. The principal contention in the case is, whether the Montana court had jurisdiction over the person of the defendant (appellant) and rendered a personal judgment against him. If there was a judgment entered in the Montana court against appellant, the court having jurisdiction over his person, the notes became merged in the judgment and appellee could not sue in assumpsit. Appellant is relying upon the proofs submitted by appellee. The record offered recites: "It appears to the satisfaction of the court that the summons in this action, together with the complaint therein, was duly and regularly served upon the defendant William M. Jackson, and defendant has been duly and regularly summoned to answer the plaintiff's complaint."

The record further recites: "That there is due plaintiff from defendant William M. Jackson upon the promissory notes named and described in the complaint the sum of $10,000.00 and interest, $1,721.67,

$109.52 taxes and interest $7.81 and $536.00 attorney fees and the sum of $13.00 costs allowed and assessed by the Court making a judgment due and owing by the said defendant to the plaintiff in the sum of $12,375.00 and cost. * * * And upon motion, * * * plaintiff is granted judgment against defendant, William M. Jackson, upon said notes and mortgage for the whole sum of $12,375.00 and costs; that the same is a good and valid lien upon the land in the complaint described and is secured by the terms of said mortgage." And it is further recited: "It is further adjudged and decreed that this judgment is *in rem.*" The clerk's certificate of the report of sale recites that the judgment is *in rem* and further recites: "That there is no deficiency judgment of record and that there is no judgment in the above entitled Court vs. William Jackson for any sum or sums."

We have copied the provisions of the judgment record as furnished the court in the abstract by appellant. The recital in the first clause of the record does not state whether the summons and complaint were served upon the defendant in the State of Montana or in Christian county, Illinois, or whether they were served personally upon the defendant or by some method of publication provided for by statute. It may be that the first three recitals of the record, standing alone, would afford prima facie proof of a personal judgment, if offered to support a judgment. (*Bimeler v. Dawson,* 5 Ill. [4 Scam.] 536; *Whittaker v. Murray,* 15 Ill. 294, and *Thompson v. Emmert,* 15 Ill. 416.) But coupled with the positive provisions of the decree that the judgment is *in rem* and that there is no deficiency judgment or any judgment in said court against appellant, the record loses even its prima facie effect and must be construed as a judgment based upon constructive service only. (*Botsford v. O'Conner,* 57 Ill. 72; *Hunter v. Stoneburner,* 92 Ill. 79; *Illinois Cent. R. Co. v. People,* 189 Ill. 121.)

Appellant had the full knowledge as to said judgment and the nature of the service upon him, and if he was served personally by summons in the State of Montana, or entered his appearance personally in said cause, he should have pleaded such facts and supplied the proper records.

It is further contended by appellant that at the time suit was brought only three of the notes were due, and that as to the other notes the suit was prematurely brought. The notes became due at the time stated on the face of the notes absolutely, or upon the contingency provided in the mortgage at an earlier date, and suit was properly brought upon all the notes. (*Hunter v. Clarke*, 184 Ill. 158; *McCormick v. Unity Co.*, 239 Ill. 314; *Kraft v. Hora*, 159 Ill. App. 363.)

Appellant contends that by virtue of section 9467 of the Statutes of Montana, offered in evidence, providing: "Proceedings in Foreclosure Suits: That there is but one action for the recovery of debt, or the enforcement of any right secured by a mortgage upon any real or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale, and the payment of the costs of the court and the expenses of the sale, and the amount due plaintiff; and if it appears from the sheriff's return that the proceeds are insufficient and a balance still remains due, judgment can be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien upon the real estate of such judgment debtor as in other cases on which execution may be issued," the notes and mortgage became merged in the judgment in the Montana court, and the appellee can only sue upon that judgment. But the foregoing section of the Montana Code was adopted from the State of California, and in Cali-

fornia is numbered as section 726. Under section 726 of the California Statute it was held that this section providing only the one action to recover debt or force a mortgage does not prevent a new action on a note which is secured by mortgage to recover a deficiency left on foreclosure of mortgage, as the amount realized on foreclosure may be treated as a payment on the note and the action is brought to recover the balance. (*Blumberg v. Birch,* 99 Cal. 416, 34 Pac. 102, 37 Am. St. Rep. 67; *In re Linforth,* 87 Fed. 386; *Boucofski v. Jacobsen,* 36 Utah 165, 104 Pac. 117, 26 L. R. A. [N. S.] 898; *Wright v. Wimberly,* 94 Ore. 1, 184 Pac. 740; *Randerson v. McKay* [Okla.], 188 Pac. 323.)

In our own State it is the well-settled doctrine that proceedings *in rem* and *in personam* to collect the same demand, or to accomplish the same object, do not necessarily interfere until satisfaction is obtained or the object secured in one of such proceedings. (*Wright v. Simpson,* 200 Ill. 64; 8 Am. & Eng. Encyc. of Law, 1st ed., p. 549.)

Appellant assigns error upon the admission in evidence of a former plea filed in this cause by appellant, to which a demurrer has been sustained. It was a statement of fact by appellant as to the same subject matter and no error was committed by admitting the plea in evidence. (*Kankakee & S. R. Co. v. Horan,* 131 Ill. 291; *Schmisseur v. Beatrie,* 147 Ill. 210.)

Appellant assigns error on the ground that the court gave the peremptory instruction without any witness having testified to a computation of the notes, interest and indebtedness. The matter was all before the court, and as to the amount of indebtedness, in documentary evidence, and the record shows that the court made the computation before the instruction was given. We have examined the computation made and find that it exceeds the amount stated in the instruction and found by the verdict, and exceeds the *ad damnum* stated in the declaration. There was no dispute from

the competent testimony in the case as to the amount of the indebtedness and there could be, therefore, no error in the instruction.

Finding no error in the record that will warrant a reversal, the judgment of the circuit court of Christian county should be and is affirmed.

*Affirmed.*