Mrs. Anna Goodman, Appellant, v. Meyer Fridstein et al., Appellees.

Gen. No. 37,159.

Opinion filed October 24, 1934. Rehearing denied and opinion modified November 15, 1934.

308

WILHARTZ, HIRSCH & SCHANFARBER, for appellant; SAMUEL E. HIRSCH and JULIAN H. LEVI, of counsel.

JACOBSON, MERRICK, NIERMAN & SILBERT, for certain appellee; J. SHERMAN DUDLEY and SIDNEY C. NIERMAN, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal by plaintiff from an order of the municipal court of Chicago, striking her third amended statement of claim, and that defendant have judgment against plaintiff for costs. Prior to the entry of this order, defaults had been entered against two of the defendants, Leroy F. Harris and Meyer Fridstein. The motion to strike the statement of claim was made by defendant, Lewis F. Jacobson, who, alone, filed an appearance and briefs, as appellee here.

This third amended statement of claim alleges in substance that the Madison Park Building Corporation executed and delivered a series of 75 real estate gold bonds, 40 of which bonds were for the sum of $500 each, and 30 for the sum of $1,000 each, amounting in the aggregate to a total of $55,000, all secured by a trust deed executed by the Madison Park Building Corporation to the First Trust & Savings Bank of Chicago, as trustee, in and by which certain real estate was conveyed as security for the payment of the bonds; that the bonds matured on various dates up to and including the first day of May, 1937, and bore interest at the rate of six per cent per annum, payable semiannually; that in each of the bonds it is provided that if default be made in the payment of any one of them, or of the coupons attached thereto. at the time when the same became due, and such default should continue. for 30 days, then at the election of the legal . holder of such bonds the entire principal sum of any of the bonds of the series should become due and payable, such election to be made at any time after the

expiration of 30 days without notice, and that the entire principal secured by the trust deed would thereupon become due and payable at the election of the legal holder or holders of five or more of such bonds upon the terms and under the conditions described in the trust deed, and that in each of the bonds of the series it is further provided that if default is made in the principal sum of any of the bonds, or on any of the interest coupons attached thereto when the same should become due, then interest at the rate of seven per cent per annum should be allowed on both principal and interest in default; that the defendants, Fridstein, Harris and Jacobson, were then and are now the principal stockholders of the Madison Park Building Corporation, the makers of the bonds; that on the date of the bonds for value received, Fridstein, Harris and Jacobson, by a written indorsement on each of the bonds, guaranteed the payment of all of them, and of the interest provided to be paid, and that this guarantee of payment is as follows:

"Guarantee of Payment

"For Value Received, we, the undersigned, Meyer Fridstein, LeRoy F. Harris and Lewis F. Jacobson, for ourselves, our heirs, executors, administrators and assigns, hereby, jointly and severally, guarantee payment of the within bond and of all interest therein provided for at the respective maturities therein mentioned, and at any time or times thereafter, waiving demand, notice of non-payment and protest.

"Meyer Fridstein
"LeRoy F. Harris
"Lewis F. Jacobson"

It is alleged that plaintiff is the bona fide holder and owner of five of such bonds in the sum of $1,000 each, together with the interest coupons attached thereto, maturing subsequent to November 1, 1931, and that

plaintiff acquired these bonds and interest coupons prior to the maturity thereof for a good and valuable consideration without notice of any defects or infirmities of title; that on or about November 1, 1931, there became due and payable on account of such bonds a semiannual interest payment on all of them, evidenced by interest coupons attached to the bonds; that the interest on each of plaintiff's bonds, which became due and payable on November 1, 1931, in the amount of $30 each, or a total of $150, was not paid by the Madison Park Building Corporation, or anyone in its behalf, and that the said Madison Park Building Corporation is still in default in the payment of said interest coupons; that on May 1, 1932, more than 30 days after default had been made by the Madison Park Building Corporation in the payment of said interest coupons, plaintiff elected to and did declare due and payable the entire principal amount of said bonds in the aggregate principal sum of $5,000, pursuant to the terms and conditions in each of the bonds, as before set forth, and that no part of the same has been paid by the Madison Park Building Corporation; that frequent demands have been made by plaintiff upon defendants Fridstein, Harris and Jacobson to pay the principal of the bonds in accordance with the terms of the contract of guarantee set forth, but that they have refused to pay the same.

Defendants do not take issue with any of the matters of alleged fact set forth in the statement of claim, but insist that the action is premature; that plaintiff's rights under such contract of guarantee do not inure to her until May 1, 1937, the stated maturity of the bonds. It is insisted, in the language of appellee's brief, that "the words, *'respective maturities* therein mentioned,' used in the guarantee, refer to May 1st, 1937, as to the principal, and to the semi-annual interest payment dates as to principal." The word

*respective* is defined by the Standard Dictionary as "pertaining or relating severally to each of those under consideration; several; particular."

In *Levy v. Barley,* 211 Ill. App. 498, Gen. No. 24,132 (a published abstract of the decision) the action was upon a guaranty similar to that sued on here. The court there states that "in the instrument sued upon, the defendant expressly guarantees 'the payment of the principal and interest on the said bonds as they *severally* mature.' The bonds, and trust deed which was executed to secure their payment, appear to be but a single transaction, and in determining the liability of defendant upon his guaranty, these instruments should be read together. *Kraft v. Hora,* 159 Ill. App. 363. The time of payment as fixed in the note may be controlled by a separate written agreement made at the time of the execution of the note. *Hunter v. Clarke,* 184 Ill. 158." The obligation of the defendant was to pay the bonds and interest becoming due thereon at maturity, and the date of maturity is not necessarily the date specified in the bonds themselves. It may be, and we think in this case, recourse should be, had in determining the date of the maturity to the trust deed. This instrument provides that if the maker of the bonds "shall fail or refuse to pay the said bonds, or any of them, or any installment of interest thereon, when due and payable upon presentation at the office of the Metropolitan Trust & Savings Bank of Chicago in the state of Illinois, and the same shall remain unpaid for a period of 30 days, then all of the bonds secured by this deed of trust shall become due and payable." The contention is that the action by the plaintiff was prematurely brought. We do not agree with this contention. The evidence shows that the interest was due and unpaid on the bonds at the time the action was brought, although the principal of the bond did not become due for some time thereafter.

Under the trust deed, the failure to pay the interest for a period of 30 days caused the maturity of the bond if the legal holder so elected. Each of the bonds in the instant case contains the following agreement:

"It Is Further Expressly Agreed, that if default be made in the payment of any one of said bonds or coupons at the time and place when and where the same becomes due, and such default shall continue for thirty (30) days, then the said entire principal sum of this bond shall, at the election of the legal holder hereof, at once become due and payable, such election to be made at any time after the expiration of said thirty (30) days, without notice." None of the Illinois cases cited by defendant in the instant case on his theory is in point. *Levy v. Barley, supra,* we deem to be directly in point and decisive.

We are of the opinion that the trial court was in error in striking the statement of claim filed in this cause. Therefore, the order striking such statement of claim and the judgment are reversed and the cause is remanded for a hearing.

*Reversed and remanded.*

HEBEL, P.J., and WILSON, J., concur.