Eli F. Seebirt et al., Appellees, v. Benjamin D. Ritholz, Appellant.

Gen. No. 37,844.

Opinion filed November 20, 1935. Rehearing denied December 4, 1935.

AARON SOBLE, of Chicago, for appellant; IRVING GOODMAN, of Chicago, of counsel.

GUY M. BLAKE, of Chicago, for appellees.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

By this appeal the defendant, Benjamin D. Ritholz, seeks the reversal of a judgment against him for the sum of $12,179, entered in the circuit court of Cook county on the 14th day of July, 1934. The trial was by the court without a jury. The court found for plaintiffs and entered judgment on its finding.

On June 15, 1924, the Ritz-Surf Building Corporation executed its 10 bonds in the sum of $1,000 each, with interest thereon at the rate of 6½ per cent per annum, evidenced by interest coupon notes, payable semiannually, which coupon notes were attached to said bonds. By the terms of the bonds, they matured on June 15, 1934. On the back of each of the bonds, at the time of their issuance, there appeared the following:

### "GUARANTY"

"For the purpose of negotiating the sale of this bond, in which sale the undersigned, Benjamin D. Ritholz, has a pecuniary interest, and for other valuable considerations, the receipt whereof by the undersigned is hereby acknowledged, the undersigned does hereby guarantee prompt and punctual payment of the within bond, and of the interest coupons thereto attached, as they respectively become due, whether by lapse of time or by virtue of any provision in the Mortgage or Deed of Trust securing the same.

"The undersigned hereby expressly authorizes the maker of the said bonds, its successors and assigns, without notice to the undersigned, to obtain any extension or extensions of time of said bonds, and of any or all of the interest coupons thereto attached, which it may see fit; and for the same consideration the undersigned also waives any notice of nonpayment of said bonds or bond and of any of the coupons thereto attached whether such payment shall become due by lapse of time or by virtue of any provision in the Mortgage and Deed of Trust securing the same; and for the same consideration, the undersigned also agrees that in case of non-payment of this bond or of any of the interest coupons thereto attached whenever and howsoever the same or any part thereof may become due, suit may be brought against the undersigned to

enforce liability hereunder, and that in any such suit the maker of said bonds or bond and others may be joined as defendants with the undersigned, at the option of the plaintiff or complainant in such suit, and for all of the above the undersigned hereby binds himself, his heirs, legal representatives and assigns, jointly and severally.

Benjamin D. Ritholz''

Each of the bonds contains the following provision:

''The bond is one of an issue of coupon bonds of the mortgagor, designated as the Ritz-Surf Apartments, Six and One-Half Per Cent First Mortgage Serial Gold Bonds, of like tenor and effect, excepting as to denomination, number and date of maturity, amounting in the aggregate to the principal sum of Two Hundred Fifteen Thousand Dollars ($215,000.00) and maturing serially, and all issued under and pursuant to a first mortgage and deed of trust (hereinafter termed the 'Indenture'), dated as of June 15, 1924, duly executed by the mortgagor, to Simon J. Straus, as Trustee, to which indenture reference is hereby made for a description of the properties mortgaged, the nature and extent of the security, the nature and extent of the liability of the mortgagor, the rights of the holders of the bonds, and the terms and conditions upon which said bonds are issued and are secured.

''In the event of certain defaults specified in said indenture, the principal of the bonds issued thereunder may become or be declared due and payable before maturity, in the manner and with the effect provided in said indenture.

''No recourse shall be had for the payment of the principal of or the interest upon this bond, or for any claim based hereon, or otherwise in respect hereof, or based on or in respect of the said indenture, against any incorporator, stockholder, officer or director, past, present or future, of the mortgagor, or of any succes-

sor or predecessor corporation, whether by virtue of any constitution, statute, or rule of law, or by the enforcement of any assessment or penalty, or otherwise.

"This bond shall not become valid or be obligatory for any purpose, until it shall have been authenticated by execution by the trustee under said Indenture, of the certificate endorsed hereon."

The trust deed given to secure the bonds contains the following provision:

"The Mortgagor covenants that if any one or more of the aforesaid events of default shall happen, then, and in every such case, it will pay to the Trustee for the benefit of the holders of the bonds and coupons then outstanding, the whole amount which then shall have become due and payable on all such bonds and coupons then outstanding, for interest or principal or both, as the case may be, and with interest upon the overdue principal and installments of interest at the rate of seven per cent (7%) per annum; and in case said Mortgagor shall fail to pay the same forthwith upon demand, the Trustee in his own name, and as Trustee of an express trust, shall be entitled to recover judgment against said Mortgagor for the whole amount so due and unpaid."

By the declaration filed in the cause, it is alleged that certain of the interest coupon notes due and payable on the 15th day of June, 1931, and on the 15th day of December, 1931, in the amount of $32.50 each, were not paid; that default was made in their payment, and that the said default continued for a period of more than 30 days thereafter; that thereupon the successor trustee in the deed of trust, in accordance with the terms thereof, by notice in writing mailed to the Ritz-Surf Building Corporation, declared that the principal of all of the bonds secured and then outstanding were due and payable immediately, and that said principal sum then became forthwith due and

payable; that thereafter the successor trustee filed a suit to foreclose the trust deed in the circuit court of Cook county, Illinois, and that on April 18, 1932, a decree of sale was entered on the whole of the mortgaged premises, whereby the principal of all of the said bonds became due and payable in accordance with the terms of the bonds and the indenture securing the same, and that no part of the principal or interest due on said bonds since June 15, 1931, had been paid, to the damage of the plaintiffs in the sum of $15,000. In addition to the special count containing the allegations mentioned, plaintiffs also filed the common counts, together with a copy of the account sued on, and an affidavit of claim, in which it is recited that plaintiffs' action is based upon the written guaranty signed by defendant hereinbefore referred to, and that there was due and owing plaintiffs, at the time of the filing of the declaration on June 10, 1932, the sum of $10,673.46, together with interest on said sum at the rate of seven per cent from April 28, 1932. Defendant filed various pleas to the declaration together with an affidavit of merits.

It is not denied that defaults in payment had taken place, as alleged. Defendant's position, however, is that, notwithstanding this fact, still, by the terms of the trust deed, the exclusive right to sue on the bonds is vested in the trustee; that the right of the trustee to accelerate the maturity of the bonds is for the sole purpose of enabling the trustee to institute foreclosure proceedings, and does not confer upon the bondholder the right to sue upon an unmatured bond; that after the trustee had chosen to accelerate the maturity of the bonds by foreclosure proceedings, a bondholder cannot maintain a suit at law until after a sale has been held and a deficiency shown; that to permit plaintiffs to recover on the bonds in a suit, would be contrary to the provision of the trust deed, which, it is

claimed, forbids preferences between bondholders, and that the bonds sued on expressly provide that no officer of the defendant corporation shall be in any way liable on the bonds, and that, therefore, the defendant, being admittedly an officer of the defendant corporation, cannot be thus sued. It is to be noted that in the "Guaranty," upon which this action is based, the defendant, the signer thereof, by its terms, "does hereby guarantee prompt and punctual payment of the within bond, and of the interest coupons thereto attached, as they respectively become due, whether by lapse of time or by virtue of any provision in the mortgage or deed of trust securing the same"; that the guarantor, the defendant, "waives any notice of non-payment of said bonds or bond, and of any of the coupons thereto attached, whether such payment shall become due by lapse of time or by virtue of any provision in the mortgage or deed of trust securing the same," and that the guarantor, the defendant, also "agrees that in case of non-payment of this bond or of any of the interest coupons thereto attached whenever and howsoever the same or any part thereof may become due, suit may be brought against the undersigned (the defendant) to enforce liability hereunder." It is also to be noted that there is a provision in the trust deed to the effect that if "default shall happen" as to any of the covenants in the trust deed, "then, and in every such case, the mortgagor (defendant) will pay to the benefit of the holders of the bonds and coupons then outstanding, the whole amount which then shall have become due and payable, with interest," etc.

This court, in *Goodman v. Fridstein*, 277 Ill. App. 307, cited the case of *Levy v. Barley*, 211 Ill. App. 498, where this court held that under a similar situation as that presented here, and where suit was brought against a guarantor, that "the bonds, and trust deed which was executed to secure their payment, appear

to be but a single transaction, and in determining the liability of defendant upon his guaranty, these instruments should be read together." Citing *Kraft v. Hora,* 159 Ill. App. 363. The court, also in *Levy v. Barley, supra,* said that "the time of payment as fixed in the note may be controlled by a separate written agreement made at the time of the execution of the note." Citing *Hunter v. Clarke,* 184 Ill. 158. Further, in *Levy v. Barley, supra,* it was said that "the obligation of the defendant was to pay the bonds and interest becoming due thereon at maturity, and the date of maturity is not necessarily the date specified in the bonds themselves. It may be, and we think in this case, recourse should be had in determining the date of the maturity of the trust deed. This instrument provides that if the maker of the bonds 'shall fail or refuse to pay the bonds, or any of them, or any installment of interest thereon, when due and payable upon presentation at the office of the Metropolitan Trust & Savings Bank of Chicago in the state of Illinois, and the same shall remain unpaid for a period of 30 days, then all of the bonds secured by this deed of trust shall become due and payable.' "

We can see no material distinction between the cases cited and the case at bar. As to the cases cited by defendant, they all seem to turn upon the question as to whether an individual bondholder can proceed against the mortgagor in defiance of the terms of the mortgage. No such case as that is presented here. In this case, the guarantor agreed to pay each of these bonds in case defaults in the payment thereof occurred, as it is admitted they did. The "guaranty" executed by the defendant recites that it was made "for the purpose of negotiating the sale of the bond." Each bond sued upon contained this guaranty, and it is our opinion that the guaranty was given for the

purpose of meeting just such a situation as is presented in this case, that is, that the guarantor would pay in case of the defaults in payment by the mortgagor, which admittedly took place.

We are of the opinion that the trial court was correct in its findings, and that the judgment should be, and it is hereby affirmed.

*Affirmed.*

HEBEL, J., concurs.
DENIS E. SULLIVAN did not take part.