SAMUEL STOOKEY *et al.*, Appellants, *v.* JOHN D. HUGHES *et al.*, Appellees.

APPEAL FROM ST. CLAIR.

If a discontinuance is claimed, because the plea answers but a part of the declaration, the objection must be taken in the court below.

A plea to an action upon a promissory note, which avers a part failure of consideration, because the note was given for a lot of land, the boundaries of which were indicated; that the land was free from incumbrance, and the title to it perfect in the vendor, but that streets and alleys had been platted which diminished the quantities of the lot, is obnoxious to a demurrer.

In such a case, while parol evidence is admissible to connect the note with the conveyance of the land, to show that they constitute but one contract, the purchaser will be driven to the covenants in his deed for redress, unless he may recoup in the action upon the note, by showing that the covenants have been broken; but a parol contract cannot be set up in defense of the note.

THIS was an action, upon a promissory note, to recover the sum of $925, and interest. The plea to this action is stated in the opinion of the court. The demurrer to the plea was sustained, and the court, at August term, 1856, of the St. Clair Circuit, BREESE, Judge, presiding, gave judgment for the plaintiffs below.

UNDERWOODS, for Appellants.

G. KŒRNER, for Appellees.

CATON, J. The plea which was interposed by the defendant, Stookey, professed to answer but a part of the declaration, and certainly answered but a part. To this the plaintiffs demurred. It is objected in this court, for the first time, that by demurring to this plea the plaintiff's action was discontinued. This objection is precisely answered by the case of *Mager et al.* v. *Hutch-*

*inson,* 2 Gil. R. 266, where it was decided that the objection cannot be first made here. If the defendant wishes to claim a discontinuance from this state of pleading, he must insist upon it in the court below, when the plaintiffs will have an opportunity of taking judgment for that part of the declaration unanswered, and thus cure the technical discontinuance.

The main question in the case is as to the sufficiency of the plea upon its merits, so far as it professes to answer the cause of action stated in the declaration.

The plea is filed by Stookey, and avers that the plaintiffs sold to him certain premises in Belleville. That at and before the time of the sale, the plaintiffs, by their agent, falsely represented to the defendant that they had, and would convey, a full and perfect title, clear of all incumbrances, to all of the land, and then and there pointed out the boundary lines of the land, whereby the defendant was induced to, and did purchase, and agreed to pay the plaintiffs $3,700 for the land, and executed the note sued on, to the plaintiffs, for a part of the said sum of money, the balance of which had been paid before the commencement of this action. That, in fact, at the time of the purchase, the premises had been laid off into town lots, duly platted, acknowledged and recorded, whereby a street, not then opened and traveled, had been laid out on each side of the premises, and an alley through the middle thereof, the fee of which, by reason of such laying out, platting, acknowledging and recording, was vested in the town of Belleville, whereby the premises had been damaged to the amount of eight hundred dollars, by means whereof the consideration of the note sued on had failed to that amount.

Here is no charge of fraud, and no warrantee of title is averred, nor is it even pretended that the defendant was not, at the time of the purchase, perfectly aware of the recorded plat and the existence of the streets and alley. In the absence of fraud or warranty, the rule of law is well settled, that the purchaser takes the title at his own risk. That has been so often settled in this court, that it is only necessary to repeat the principle. Here, at the time of the sale, the vendor represented that he could and would convey a good title to the whole of the premises. The most that can be said of this averment is, that it attempts to set up a parol agreement, cotemporaneous with the written contract, whereby the vendor assumed the responsibility of the title, without attempting to show that he assumed any such responsibility by the written evidence of the contract. The case is, in principle, precisely like that of *Lane* v. *Sharp,* 3 Scam. R. 566, only the parol agreement set up is less explicit and definite. That case but reiterates a principle of the common law, long settled and

Stookey et al. *v.* Hughes et al.

universally recognized, that when parties reduce their contracts to writing, the writing alone must speak their intention. In it are all verbal understandings merged. That cannot forget or misrepresent, while the memory of witnesses is fallible, and sometimes their integrity is questionable. In the absence of fraud, no agreements or understandings of the parties, varying the terms of the written contract, can be proved. Here the notes and the deed constitute the written evidence of the agreement of the parties. As they do not connect themselves, parol evidence is admissible, to show that both constituted one contract. When that is shown, the two together speak the intention of the parties, precisely the same as if they had been written on one piece of paper, and were embodied in the same instrument. The terms of the deed are not shown. If it is without covenants, the grantor cannot be made liable on a parol warranty. If there is a covenant of warranty of the title, the purchaser can have a direct remedy upon that, if the title to the whole or a part has failed, or, I will not say that he might not recoup his damages in this action upon the note. But no such pretense is made here, but only an effort to show a parol understanding or promise, without any pretense that it was embodied in the written agreement. The presumption is, that when the parties came to reduce their agreement to writing, they abandoned all parol understandings and promises which were not embraced in the writing.

It may be, that the case of *Lane* v. *Sharp*, above referred to, conflicts with that of *Gohram* v. *Peyton*, 2 Scam. R. 363; but if so, the latter conflicts with the well-settled law, and should not be followed as a precedent.

We are of opinion that the demurrer was properly sustained to the plea, and the judgment must be affirmed.

*Judgment affirmed.*