Bohumil Fronek, Defendant in Error, v. Wladyslaw
Wroblewski and Clementina Wroblewski, Plain-
tiffs in Error.

Gen. No. 33,784.

Opinion filed January 27, 1930.

PINES, MORSE & STEIN and JOSEPH WOJNOWSKI, for
plaintiffs in error; CLARENCE T. MORSE, of counsel.

CHARLES J. MICHAL, for defendant in error; OTTO
ADE ARNSTON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

Plaintiff caused judgment to be entered upon a
promissory note signed by defendants, to the order of
plaintiff, for the sum of $3,000. The judgment was set
aside on defendants' motion supported by an affidavit,
which was ordered to stand as pleas to the declaration.

There was a trial by jury. Plaintiff offered the note
in evidence and rested. Defendants then proved that

a contract in writing between the parties for the exchange of certain real estate was executed and delivered contemporaneously with the note and as a part of the same transaction. The contract was offered in evidence, and one clause of it provided:

"It is further agreed by and between the parties to this contract that each will execute to the other judgment notes in the sum of three thousand dollars each to secure the faithful performance of this contract."

Defendants also offered evidence tending to show that the note sued on was given in conformity with this provision of the agreement.

They further offered evidence tending to show that plaintiff induced defendants to sign the contract by falsely representing that plaintiff's lot was 27 feet wide and that there was an easement appurtenant to the lot; that, as a matter of fact, the lot was only 25 feet wide and that there was no such easement appurtenant thereto; further that the building on plaintiff's lot encroached upon a lot to the north of it owned by a third person and that plaintiff declined to remedy these defects.

They also offered evidence of conversations between the parties tending to show that the delivery of the note was conditional and that it was intended by the parties to become effective only in case of default by defendants in performing the covenants of the written agreement for the exchange of property.

During the trial defendants asked leave to file additional pleas, one of these being the general issue. The motion was denied, and at the conclusion of plaintiff's case, the court, on motion of plaintiff, instructed the jury to return a verdict in favor of plaintiff for $3,135. Motions of defendants for a new trial and in arrest were overruled, and there was judgment on the verdict for that amount.

The evidence offered by defendants was excluded apparently upon the theory that parol evidence was in-

admissible to vary the terms of the note. The note and the written agreement were executed contemporaneously and as a part of the same transaction and concerned the same subject matter, and the note and the contract were therefore admissible and should have been construed together. *Kraft v. Hora,* 159 Ill. App. 363, and the cases there cited.

The evidence showed beyond any reasonable doubt that the delivery of the note was conditional; that it was intended only as security, was to be returned to the maker when the contract was performed, and that it was to become unconditional only in case defendants should fail on their part to faithfully perform their covenants under the contract. Parol evidence is admissible to establish such defense to a promissory note under the Negotiable Instruments Act (Cahill's St. ch. 98, ¶ 36; Smith-Hurd's Ill. Rev. Stat. 1929, ch. 98, sec. 16, p. 1952.) Brannan's Negotiable Instruments Law Annotated, 4th Ed., p. 129, sec. 16; *Straus v. Citizens State Bank,* 164 Ill. App. 420.

There is no proof, as this record stands, that defendants ever defaulted in the performance of their contract nor is there any proof tending to show that damages were sustained by plaintiff. Under these circumstances, it was clearly error to instruct the jury to return a verdict for the face of the note with interest. We think, too, the motion of defendants for leave to file additional pleas should have been allowed.

For the errors indicated, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

McSURELY, P. J., and O'CONNOR, J., concur.