ANNE L. SUDEIKIS, Plaintiff-Appellant, *v.* THE CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 79-91

Opinion filed February 14, 1980.

Ronald J. Clark, of Chicago, for appellant.

Rothschild, Barry & Myers, of Chicago (Norman J. Barry, Joseph P. Della Maria, Jr., Ronald F. Bartkowicz, and Edward C. McCarthy, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Anne Sudeikis, appeals from an order of the circuit court of Cook County dismissing her complaint for failure to state a cause of action on the motion of the defendants, the Chicago Transit Authority (CTA), Donald Walsh, Ernie Banks, Wallace D. Johnson, Lawrence Sucsy, and Terrill W. Hill. She argues on appeal that the trial court's reliance on the parol evidence rule in dismissing her complaint was error. The defendants contend, both in their motion to dismiss and on appeal, that the complaint failed to state a cause of action because (1) the breach of duty allegation in the complaint is on its face barred by the parol

evidence rule; (2) the complaint does not allege a breach of duty on the part of the individual defendants; (3) the punitive damages prayed for are not recoverable from the CTA as a matter of law; and (4) punitive damages are not recoverable from any of the defendants as a wilful tort is not alleged.

The facts presented herein are those alleged in the plaintiff's complaint. The plaintiff was a supervisor of customer services for the CTA from April 1974 to July 1975. On July 2, 1975, her employment was terminated by the CTA because she allegedly violated CTA rules governing communication with the press. On July 11, 1975, the plaintiff brought an action in Federal court challenging the termination of her employment under Federal civil rights legislation. The defendants in the Federal suit were the same as those here named.

Extensive discovery and negotiations culminated in a settlement of the Federal suit on August 19, 1975. The plaintiff's attorney and the defendants' attorney each signed a three-page document entitled "Settlement Agreement" (the Agreement) a copy of which was made part of the complaint. Most significant to this appeal is the allegation in the complaint that: "As an additional part of the Settlement Agreement, it was agreed that a certain letter would be sent out to prospective employers of the Plaintiff by the Defendants; * * * ." The letter, a copy of which is attached to the complaint, contains a description and favorable evaluation of the plaintiff's work for the CTA. The plaintiff's attorney and the defendants' attorney each signed his initials and the notation "o.k." to the letter. Both the Agreement and the letter are dated August 19, 1975. Neither document mentions the other.

It is not disputed that the provisions of the document entitled "Settlement Agreement" were complied with. The plaintiff was reinstated to her former position with the CTA and immediately resigned. The defendants paid the plaintiff's litigation expenses and attorney's fees, and the plaintiff received back pay, vacation pay, and certain insurance coverage. The plaintiff dismissed with prejudice her Federal suit against the defendants.

The plaintiff attempted to secure a new position and on every application she listed the CTA as a reference. She was unsuccessful in her search for employment. On November 1, 1977, the plaintiff learned that in response to inquiries from her prospective employers the CTA did not make use of the August 19 letter. In response to some inquiries, the defendants provided a form which stated only the plaintiff's name, address, social security number, birth date, job title, badge number, and period of employment. In other instances, the defendants provided false and slanderous information. The plaintiff also alleged that the defendants

attempted to conceal their failure to provide the letter to prospective employers, and that their breach of the agreement and attempts to conceal the breach were wilful and malicious. The plaintiff alleged and prayed for compensatory and punitive damages.

The defendants first contend that the Agreement is, on its face, the complete and final expression of the parties' contract and that, as such, the plaintiff is precluded from establishing that the parties additionally agreed that the defendants would send the letter to the plaintiff's prospective employers. The plaintiff's position is that parol evidence is admissible to establish that the letter and the Agreement are to be read and construed together as one contract. The trial court dismissed the plaintiff's action. In the judgment the court stated that the Agreement was, on its face, a total and complete expression of the Agreement between the parties and that therefore the parol evidence rule barred the plaintiff's action.

■■■ The rule of law applicable here is that where different instruments are executed at the same time between the same parties, for the same purpose, and in the course of the same transaction, all of the instruments must be read and construed together. (*Nelson v. John B. Colegrove & Co. State Bank* (1933), 354 Ill. 408, 188 N.E. 461; *In re Estate of McCaffrey* (1961), 31 Ill. App. 2d 413, 176 N.E.2d 545; *Fronek v. Wroblewski* (1930), 255 Ill. App. 529.) To prove that the two documents are part of the same transaction or constitute but one contract, parol and extrinsic evidence are admissible because such evidence tends to merely identify what the contract is rather than to vary or change the terms of a contract. *Stookey v. Hughes* (1856), 18 Ill. 55; *McCaffrey; Mayer v. Illinois Life Insurance Co.* (1918), 211 Ill. App. 285.

■■ In the instant case the complaint and documents made a part thereof contain allegations that both the Agreement and the letter were executed on August 19, that each was signed by the same persons, that they related to the same subject matter, and that they were part of the same transaction. Parol evidence to prove these allegations is, therefore, admissible on the issue of what the contract is. If it is thereby established that the two documents are but one contract then they must be read and construed together.

The defendants argue that in *McCaffrey, Mayer,* and *Nelson* each of the documents alleged to comprise the contract imposed duties upon the parties. They assert that because the letter here does not impose duties on either party that the rule expressed in these cases is not applicable to the instant case. However, whether the documents imposed duties on the parties was not a basis for any of the decisions and was not a factor considered by the courts.

■ The defendants next assert that those portions of the complaint seeking relief against them as individuals should have been dismissed because "the complaint does not allege a breach of duty on their part." The complaint alleges that the settlement agreement was entered into by "the defendants," the Agreement is on its face agreed to by all of the defendants, the letter is signed by the attorney for all the defendants, and the complaint states that "the defendants" carried out the alleged wilful and malicious breach and concealment. This is sufficient to constitute an allegation of breach of duty by the individual defendants.

■ Those portions of the complaint seeking punitive damages against the CTA must, as defendants assert, be dismissed. The holding in *George v. Chicago Transit Authority* (1978), 58 Ill. App. 3d 692, 374 N.E.2d 679, clearly establishes that punitive damages are not recoverable from the CTA.

The defendants assert that punitive damages are not recoverable from any of them as a matter of law because the complaint does not set forth a separate count alleging a wilful tort. The record reveals that the plaintiff requested and was granted leave to amend her complaint to set forth a separate count on the tort claim. The amendment was not filed because the case was dismissed on the parol evidence issue. As we are reversing on the parol evidence issue, and in light of the Civil Practice Act's liberal provisions for amendment of pleadings (Ill. Rev. Stat. 1975, ch. 110, par. 46), the plaintiff should be given the opportunity to file her amended complaint. Therefore, we will not dismiss those punitive damage claims not precluded by the decision in *George*.

For the reasons set forth above the judgment of the circuit court is affirmed in part, reversed in part, and remanded.

Affirmed in part; reversed in part and remanded.

JOHNSON and ROMITI, JJ., concur.