**MID–AM BUILDERS, INC., an Illinois corporation, Plaintiff,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Defendant.**

**No. 01–CV–2078.**

United States District Court, C.D. Illinois, Danville/Urbana Division.

April 15, 2002.

Robert M. Chemers, Amanda J. Banner, Pretzel & Stouffer, Chicago, IL, for Plaintiff.

Laura J. Hanson, Susan B. DeVos, Meagher & Geer, Minneapolis, MN, for Defendant.

## ORDER

McCUSKEY, District Judge.

This matter is before the court on cross motions for summary judgment. On October 31, 2001, Plaintiff, Mid–Am Builders, filed an amended complaint alleging that Defendant, Federated Mutual Insurance Company, has a duty to defend them under an insurance policy Federated issued to Hart & Schroeder, a subcontractor working on a project for which Mid–Am Builders was the general contractor. On December 10, 2001, Mid–Am Builders filed a Motion for Summary Judgment (# 23). On December 31, 2001, Federated Mutual Insurance Company also filed a Motion for Summary Judgment (# 27). Also on December 31, 2001, Federated Mutual filed a Request for Oral Argument (# 29). Finally, on April 8, 2002, Mid–Am Builders filed a Motion to Strike Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment (# 37). For the reasons that follow, Mid–Am's Motion for Summary Judgment (# 23) is GRANTED; Federated Mutual's Motion for Summary Judgment (# 27) is DENIED; Federated Mutual's Request for Oral Argument (# 29) is DENIED; and Mid–Am's Motion to Strike (# 37) is DENIED.

## FACTS

Mid–Am Builders ("Mid–Am") is a corporation engaged in the business of plumbing, heating, and sheet metal. Mid–Am was the general contractor for a construction job at the St. Philomena Catholic Church. Mid–Am entered into a subcontract agreement with Hart & Schroeder ("Hart") on April 2, 1998, to perform some of the work at St. Philomena. A letter of transmittal was sent to Hart on the same date the subcontract was sent. In this letter of transmittal, Mid–Am indicated "please issue a current certificate of insur-

ance with Mid–Am Builders, Inc. as additional insured." Henry Hart ("Henry"), the president of Hart & Schroeder, signed the sub-contract agreement, but did not sign the letter of transmittal. However, in response to the letter of transmittal, Nancy Tufte ("Tufte"), the vice president of Hart & Schroder, called an agent at Federated Mutual Insurance company and requested that Mid–Am be named as an additional insured under Hart's policy.

Federated Mutual Insurance Company ("Federated") issued an insurance policy to Hart as the named insured for work to be done at St. Philomena. On April 7, 1998, a Certificate of Insurance was issued to Mid–Am by Federated. The Certificate lists Mid–Am as the Certificate Holder and states "THE CERTIFICATE HOLDER IS ALSO AN ADDITIONAL INSURED FOR GENERAL LIABILITY COVERAGE PER CG–F–48 ENDORSEMENT." The CG–F–48 endorsement contained within Hart's policy states:

> Who is an insured for 'bodily injury' and 'property damage' liability is amended to include: Any person or organization other than a joint venture, for which you have agreed by written contract to procure bodily injury or property damage liability insurance, arising out of operations performed by you or on your behalf.

The Certificate issued to Mid–Am further states that it "is issued as a matter of information only and confers no rights upon the certificate holder" and "does not amend, extend, or alter the coverage afforded" by the policy. The Certificate also explains that "notwithstanding any requirement, term, or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions, and conditions of such policies."

On August 9, 2000, Louis and Cheryl Hillier filed a complaint against Mid–Am in the Circuit Court of the 6th Judicial Circuit, Champaign County, Illinois. The action arose from a work-related injury incurred while Louis Hillier was doing electrical work at the St. Philomena site on September 2, 1998. Both Hart and Mid–Am were named as defendants in the state court action. Mid–Am tendered its defense of the Hillier case to Federated. Federated did not accept Mid–Am's tender of its defense.

## ANALYSIS

1. Request for Oral Argument (# 29) and Motion to Strike (# 37)

On December 31, 2001, Federated filed a Request for Oral Argument (# 29). Rule 7.1(A) of the Local Rules for the Central District of Illinois provides that any motion may be "determined upon the pleadings and the motion papers without benefit of oral argument." This court believes that the issues in this matter have been sufficiently briefed by the parties, and oral argument is not necessary. Therefore, Federated's Request for Oral Argument (# 29) is DENIED.

On April 8, 2002, Mid–Am filed a Motion to Strike Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment (# 37). Mid–Am argues that the reply should be stricken because this court did not provide Federated with an opportunity to file a reply in its January 22, 2002, order granting Mid–Am leave to file its reply by March 8, 2002. While this court did not specifically allow Federated to file a reply, Rule 7.1(D)(3) of the Local Rules of the Central District of Illinois allows one who has moved for summary judgment to file a reply. Furthermore, "[a] motion to strike may be granted or denied within the sound discretion of the district court." *Blaz v. Michael Reese*

*Hosp. Found.,* 191 F.R.D. 570, 574 (N.D.Ill.1999). In the exercise of this court's discretion, Mid–Am's Motion to Strike (# 37) is DENIED.

### 2. Summary Judgment Motions (# 23 & # 27)

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. *Jakubiec v. Cities Serv. Co.,* 844 F.2d 470, 473 (7th Cir.1988). However, a court should not deny summary judgment simply because some facts are in dispute, or because the proffered evidence presents "some metaphysical doubt as to the material facts." *McCreary v. Libbey–Owens–Ford Co.,* 132 F.3d 1159, 1164 (7th Cir. 1997). The construction of an insurance policy is a question of law to be decided by the court. *Cincinnati Ins. Co. v. West Am. Ins. Co.,* 112 F.Supp.2d 718, 720 (C.D.Ill.2000). "Therefore, the 'interpretation of an insurance policy is a question of law that is an appropriate subject for disposition by way of summary judgment.'" *Cincinnati,* 112 F.Supp.2d at 720, *quoting Jupiter v. Aluminum Corp. v. Home Ins. Co.,* 225 F.3d 868, 873 (7th Cir.2000).

■ Mid–Am first argues that the subcontract agreement between Hart and Mid–Am should be read together with the letter of transmittal as one contract, thereby satisfying Federated's requirement of a written contract to procure insurance. The CG–F–48 endorsement in the Federated policy held by Hart provides for insurance for "[a]ny person or organization other than a joint venture, for which you [Hart] have agreed by *written contract* to procure bodily injury or property damage liability insurance, arising out of operations performed by you or on your behalf." (Emphasis added). As discussed above, Mid–Am sent a letter of transmittal along with a signed subcontract agreement to Hart. The subcontract did not address Mid–Am's desire for a Certificate of Insurance with Mid–Am listed as an additional insured. However, the letter of transmittal did contain this request.

■ The parties do not dispute that Illinois law governs the contract at issue in this matter. Under Illinois law, "where different instruments are executed together as part of one transaction or agreement, they are to be read together and construed as constituting but a single instrument." *Pecora v. Szabo Jr.,* 94 Ill.App.3d 57, 49 Ill.Dec. 577, 418 N.E.2d 431, 436 (1981). In other words, "the court will look to the contract and to the[ ] documents executed contemporaneously in determining the parties' intent." *Pecora,* 49 Ill.Dec. 577, 418 N.E.2d at 436. "To prove that the two documents are part of the same transaction or constitute but one contract, parol and extrinsic evidence are [sic] admissible because such evidence tends to merely identify what the contract is rather than to vary or change the terms of a contract." *Sudeikis v. Chicago Transit Auth.,* 81 Ill. App.3d 838, 37 Ill.Dec. 21, 401 N.E.2d 1114, 1117 (1980).

In *McDonald's Corp. v. Butler Co.*, 158 Ill.App.3d 902, 110 Ill.Dec. 735, 511 N.E.2d 912 (1987), an Illinois court applied this rule to find that a letter exchanged at the same time as a sales contract should be construed as being part of the contract. In the *McDonald's* case, Butler entered into a sales contract to sell property to McDonald's, and in return, McDonald's agreed to convey other real property to Butler. The contract also provided McDonald's with an option to repurchase the land conveyed to Butler at the end of five years if Butler had not commenced the development of a substantial improvement on the land. At the time the parties closed on the sales agreement, Butler gave McDonald's a letter in which he agreed to limit development of the land, in which McDonald's held an option to repurchase, to a village retail center. However, Butler later decided to move a house onto the property. McDonald's brought suit to enforce the provisions of the letter Butler supplied to McDonald's. Butler argued that the sales contract constituted the entire agreement. The court found, however, that the sales contract and letter should be read together to form one contract, citing the rule from *Pecora* . The court pointed out that the letter was delivered at the time of closing, referred to the sale, concerned the same subject as the sale, and created an obligation for Butler. *McDonald's*, 110 Ill.Dec. 735, 511 N.E.2d at 917. *See also Sudeikis*, 37 Ill.Dec. 21, 401 N.E.2d at 1117 (finding that letter and agreement constitute one agreement where both were executed on the same day, each was signed by the same persons, they related to the same subject matter, and both were part of the same transaction).

Federated argues that this principle should not be applied to the instant case because a representative from Hart never executed the letter of transmittal.[1] Rather, the subcontract agreement was the only document signed by Henry. However, this court is not persuaded by Federated's argument that both the letter of transmittal and subcontract agreement must have been signed by Henry in order to construe the two written documents as comprising one contract. The rule in *Pecora* states that "where different instruments are *executed* together as part of one transaction or agreement, they are to be read together and construed as constituting but a single instrument." *Pecora*, 49 Ill.Dec. 577, 418 N.E.2d at 436 (emphasis added). The letter of transmittal was signed by Jean Mueller ("Mueller"), officer and co-owner of Mid–Am. The absence of Henry's signature is not fatal, however. Federated has not cited an Illinois case which required the signature of both parties on all documents to construe them as constituting a single instrument.

While this court has found no Illinois cases dealing with the specific situation presented here, in the case of *Home Ins. Co. v. Chicago and Northwestern Transp. Co.*, 56 F.3d 763, 766 (7th Cir.1995), the Seventh Circuit applied the *Pecora* rule and found that three agreements could not be construed as constituting a single contract. In reaching this conclusion, the court noted that the three agreements "were not executed contemporaneously or entered into in the course of the same transaction." *Home Ins. Co.*, 56 F.3d at 766. In addition, the three documents covered three distinct legal relationships. *Home Ins. Co.*, 56 F.3d at 767. None of these situations are presented in the in-

---

1. When questioned about whether she gave the letter of transmittal to Henry to sign, Tufte stated, "He didn't need it. There was no place for him to sign. It's not something you sign. It's just a thing telling me what I get and what they want back."

stant case. Mid–Am sent Hart the letter of transmittal at the same time as the subcontract agreement. In addition, Mueller filed an affidavit stating that she "contemporaneously prepared" the letter of transmittal and subcontract agreement. Furthermore, they concern the same transaction—the subcontracting to be done on the St. Philomena church.[2]

This court is also persuaded by the reasoning of several other federal courts on this issue, although they were not applying Illinois law. In *Brown v. Financial Serv. Corp. Int'l,* 489 F.2d 144 (5th Cir.1974), the Fifth Circuit found that "[w]ithout a doubt a covering letter may constitute a part of the total agreement." *Brown,* 489 F.2d at 149. In *Brown,* the court found the cover letter was a part of the contract because its purpose was to summarize the content of a telephonic conversation concerning the underlying agreement, the cover letter discussed the agreement, and the letter accompanied the underlying agreement. *Brown,* 489 F.2d at 149. *See also Richardson Eng'g Co. v. International Bus. Mach., Co.,* 554 F.Supp. 467, 470 (D.Ver.1981), *aff'd,* 697 F.2d 296 (2nd Cir. 1982) (finding a cover letter constituted a part of the contract between a general contractor and subcontractor); *Gateway Co. v. Charlotte Theatres, Inc.,* 297 F.2d 483, 486 (1st Cir.1961) (finding that a "covering letter may be part of the total agreement").

Furthermore, "[u]nder Illinois law, the primary objective in construing a contract is to give effect to the parties' intent." *Home Ins. Co.,* 56 F.3d at 767. Federated argues that the letter of transmittal could only be interpreted as forming part of the contract between Hart and Mid–Am if Mid–Am can prove that both parties understood the letter of transmittal to form part of the contract. Federated argues that Hart never considered the letter a part of the contract based upon the affidavits of Henry and Tufte. Henry, the president of Hart and the person who signed the subcontract agreement, states in his affidavit that he understood the contract between Hart and Mid–Am to include only the one page subcontract agreement. Tufte, the office manager for Hart at the time the subcontract agreement was executed, stated that she did not consider the letter of transmittal as forming part of the contract.

This court finds, based upon the undisputed evidence, that the parties intended that Mid–Am be provided with insurance as part of the contract. Mueller stated in her affidavit that she prepared the letter of transmittal and subcontract agreement with "the understanding that both were a part of the contract entered into between Mid–Am Builders, Inc. and Hart & Schroder." This court is not persuaded by Henry's and Tufte's statements that they did not consider the letter to be part of the written contract because Tufte's actions clearly indicate an intention to provide insurance to Mid–Am. In deposition, Tufte indicated that, upon receiving the letter of transmittal, she called Federated and asked for a certificate of insurance to be sent to Mid–Am. Upon receiving the certificate of insurance, Tufte reviewed the certificate to see if it was made out to Mid–Am and "if it [had] the additional insured and the endorsements they asked for." Based upon these statements, it is

---

**2.** Neither is this case similar to *Johnson v. Levy Org. Dev. Co., Inc.,* 789 F.2d 601 (7th Cir.1986). In *Johnson,* the Seventh Circuit determined that a property report which was required to be distributed to all prospective purchasers could not be considered part of a purchase agreement. *Johnson,* 789 F.2d at

607. In the instant case, the letter of transmittal was prepared and executed by Mueller, and Hart took action based upon its receipt of the letter. Furthermore, the contract in *Johnson* had an all-inclusive integration clause. No such clause was present in the subcontract agreement in the instant case.

apparent that Tufte considered supplying Mid–Am with insurance one of its obligations under the contract.

Therefore, this court concludes that the letter of transmittal should be read together with the subcontract agreement to form one written contract. As a result, Mid–Am satisfied the CG–F–48 endorsement in the Federated policy held by Hart. Therefore, Federated had a duty to defend Mid–Am in the state action filed by Louis and Cheryl Hillier. As a result of the foregoing, this court finds that summary judgment should be entered in favor of Mid–Am and against Federated.[3]

IT IS THEREFORE ORDERED:

(1) Federated's Request for Oral Argument (# 29) is DENIED.

(2) Mid–Am's Motion to Strike Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment (# 37) is DENIED.

(3) Mid–Am's Motion for Summary Judgment (# 23) is GRANTED.

(4) Federated's Motion for Summary Judgment (# 27) is DENIED.

(5) Judgment is entered in favor of Mid–Am and against Federated. Mid–Am is allowed thirty (30) days from the entry of this order to file documentation regarding the amount of damages owed by Federated. Federated is allowed fourteen (14) days thereafter to respond.

(6) The final pretrial conference scheduled for May 17, 2002, at 1:30 p.m. and the bench trial scheduled to begin May 28, 2002, are VACATED.

---

**3.** Because this court has concluded that a written contract to acquire insurance existed between Mid–Am and Hart, this court need not determine the issue of whether the language of the Certificate of Insurance was ambiguous or whether Federated is estopped from asserting that it breached its duty to defend.